# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston, <br><br> Defendants. | Civil Action No. 1:25-cv-00088-MRD-PAS <br><br> DECLARATION OF ROBERT H. THOMAS |

## DECLARATION OF ROBERT H. THOMAS

ROBERT H. THOMAS declares as follows:

1. I am an attorney licensed in the States of California and Hawaii, and was on March 10, 2025 admitted pro hac vice in this case, affording me the privilege of practicing in this Court.

2. I have personal knowledge of the matters contained herein, unless otherwise indicated, and am competent to testify thereto.

3. I am one of the lawyers in this case for the Plaintiffs, SCLS Realty, LLC, and Sixty Three Johnston, LLC.

1

4.      On March 14, 2025, after being informed by co-counsel Kathryn D. Valois that she was contacted by a member of the local media about a Rhode Island state court granting a previously undisclosed motion to deposit money into the court registry, I accessed the Town of Johnston's Land Evidence Records at its website and discovered that the Town had registered the Town as the owner of property located at 178 and 200 George Waterman Road, Johnston, Rhode Island. The Town was listed as both the Grantor and the Grantee of this property. After reviewing the online record, I made screenshots of the land records, which are included on page 15 of Plaintiffs' Motion for Temporary Restraining Order.

5.      That same day, I viewed the Town of Johnston's Mayor, Joseph Polisena Jr.'s, Twitter / X account and saw a tweet he authored stating that the Town had "officially acquired ownership" of this property. I made a computer screenshot of Mayor Polisena's post, which is included on page 20 of the Plaintiffs' Motion for Temporary Restraining Order.

6.      At no time was I provided notice of any pending petition, motion, or hearing concerning a condemnation action in a Rhode Island court.

7.      I only learned later that the Town had sought an *ex parte* hearing with the Rhode Island state court on its motion to deposit money into the court registry. The court later granted that motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2025.

 

_____
ROBERT H. THOMAS