# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston,<br><br>    Defendants. | Civil Action No. 1:25-cv-00088-MRD-PAS<br><br>DECLARATION OF KATHRYN D. VALOIS |

## DECLARATION OF KATHRYN D. VALOIS

KATHRYN D. VALOIS declares as follows:

1. I am an attorney licensed in the state of Florida who was admitted Pro Hac Vice, on March 10, 2025, affording me the privilege of practicing in this Court.

2. I have personal knowledge of the matters contained herein, unless otherwise indicated, and am competent to testify thereto.

3. I am one of the lawyers in this case for the Plaintiffs, SCLS Realty, LLC, and Sixty Three Johnston, LLC.

1

4. My clients own the fee simple interest in 31 acres of real property located at 178 and 200 George Waterman Road, Johnston, Rhode Island, also known as Assessor's Plat 37, Lots 63, 193 (formerly recognized as lots 1-10, and 193) and Assessor's Plat 35, Lot 2 (together "Santoro Property").

5. I was retained after the Town passed Resolution 2025-10, purporting to take my clients' property via eminent domain.

6. On March 14, 2025, I was contacted by a local news reporter in Providence, Rhode Island. The reporter asked questions concerning this lawsuit. During the interview, the reporter asked me about my reaction to the Town of Johnston's Mayor, Joseph Polisena Jr.'s, announcement that a Rhode Island state court had condemned and transferred ownership of the Santoro property to the Town.

7. Prior to the reporter asking me this question, I had never heard of the Town filing any motion or other request for relief with the Rhode Island state court other than a pro forma petition requesting the ability to deposit $775,000 into the court register.

8. It was only after speaking with the reporter that I searched for and saw Mayor Polisena's "tweet" on Twitter / X where he stated that the Town had "officially acquired ownership" of the Santoro Property.

9. After seeing that Tweet, I contacted my co-counsel Kelly M. Salvatore and Robert H. Thomas who informed me that upon my notification of the reporter's question, they had searched and found unnoticed filings by the Town in the Rhode

Island state court. They also informed me that the Rhode Island state court docket reflected that an ex parte hearing had occurred, again with no notice.

10. Upon learning that information, I searched for and found the state court's order granting the Town's motion to deposit money into the court registry. However, I saw nothing purporting to transfer ownership of the Santoro Property formally to the Town.

11. Concerned for my clients in the wake of the Mayor's unfounded statements concerning ownership, I began preparing this Temporary Restraining Order to stop the Town from attempting to eject my clients from their property.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2025.

_____
KATHRYN D. VALOIS