# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston, <br><br> Defendants. | Civil Action No. 1:25-cv-00088-MRD-PAS <br><br> DECLARATION OF LUCILLE SANTORO |

## DECLARATION OF LUCILLE SANTORO

I, LUCILLE SANTORO, hereby declare as follows:

1.      I make this declaration upon my own personal knowledge, unless otherwise indicated, and am competent to testify to all matters stated herein.

2.      I am one of four members with an ownership interest in SCLS Realty, LLC ("SCLS") and by brother Ralph Santoro is the registered agent of Sixty Three Johnston, LLC ("Sixty Three). Both SCLS and Sixty Three's principal places of business are Rhode Island.

1

3. SCLS and Sixty Three are the two owners of the fee simple interest in 31 acres of real property located at 178 and 200 George Waterman Road, Johnston, Rhode Island, also known as Assessor's Plat 37, Lots 63, 193 (formerly recognized as lots 1-10, and 193) and Assessor's Plat 35, Lot 2 (together "Santoro Property").

4. The Defendant Town of Johnston has deprived us of our property by recording what it claims is the Town's ownership of the land with the Town's Land Evidence Records office.

5. The Santoro Property is zoned for medium-to-high density residential development and was specifically identified by the Town of Johnston as an area ideal for an affordable housing development.

6. I and my development partners who are co-owners of SCLS and Sixty Three, Ralph Santoro, Suzanne Santoro, and Salvatore Compagnone (together "Development Partners"), purchased the Santoro Property in pieces over the last decade, with the intention of developing a residential housing project comprised entirely of low-to-moderate-income housing units.

7. The Santoro Property is undeveloped, with the exception of the site of the former "Vito's" nightclub.

8. In April 2023, my Development Partners and I met with Town of Johnston officials, including Mayor Joseph M. Polisena, Jr. ("Polisena") to discuss plans for developing a 216-unit, 100% affordable housing complex.

9. During the April 2023 meeting, Polisena vocally opposed our affordable housing plans for the Santoro Property.

10. Because of Polisena's vocal opposition, my Development Partners and I hired legal counsel Kelley Morris Salvatore to assist us with developing the Santoro Property.

11. Our legal counsel met with the Town of Johnston's Town Planner, Thomas Deller, and his staff to discuss our proposal. At that time, Mr. Deller agreed we should proceed with a pre-application meeting.

12. On October 25, 2024, my Development Partners and Myself submitted a development proposal to the Town of Johnston's Planning Department. The proposal included a conceptual site plan, density analysis, and a request for a formal pre-application conference.

13. The conceptual site plan included information for 254 units in five buildings, entirely devoted to low-to-moderate-income housing as defined by the State's newly adopted Low and Moderate Income Housing statute.

14. The pre-application meeting was scheduled for December 3, 2024.

15. Before our pre-application meeting, Polisena published a letter "To Whom It May Concern" opposing my Development Partners project. The letter called our project "destructive" and Polisena threatened to "use all the power of government" that he has to "stop" our development.

16. Polisena's letter also told my Development Partners and I that if we abandoned our affordable housing plans instead agreed to develop expensive single-family homes, he would "roll our the red carpet" to guide us through the planning process.

17. That night at the board meeting, other board members came out against the project. One member even derogatorily said our project would be the next "Chad Brown".

18. After the pre-application meeting, we continued to work towards a preliminary plan design, which requires all design and engineering that generally takes months to complete. We expected to submit our formal preliminary plan application in early Spring.

19. Before my Development Partners and I could finalize our proposal, however, on January 27, 2025, Polisena published a Facebook post announcing he would take the Santoro Property by eminent domain. He wrote he planned to take the property to build a new municipal complex—meaning a town hall, fire station, and police station. My Development Partners and I were not notified of this plan for eminent domain and a municipal complex.

20. The Town Council followed Polisena's announcement and voted, on January 28, 2025, to adopt Resolution 2025-10, which said the Town should proceed with eminent domain.

21. Before Polisena announced he was taking the Santoro Property for a new municipal complex, I had never heard of the Town having any plans to construct a new municipal complex. I had never seen any online posts where the Town said a new municipal complex was needed. I had also never heard of any money being budgeted for the construction of such a project.

22. Rather than try and work with my Development Partners and I to arrive at a solution, the Town moved forward with passing another resolution to take the Santoro Property. This resolution, Resolution 2025-17, purporting to establish an eminent domain process, was passed at a town council meeting on March 10, 2025, which I attended.

23. Minutes later, the Town also adopted Resolution 2025-18.

24. After those resolutions were passed, my Development Partners and I, on behalf of SCLS and Sixty Three Johnston filed suit against the Town for an unconstitutional taking in the federal District Court of Rhode Island. We asserted claims for violations of the Fifth Amendment's Public Use Clause, the Fourteenth Amendment's Due Process Clause, the federal Civil Rights Act of 1871 (42 U.S.C. § 1983), the Rhode Island Constitution's Public Use Clause, and a claim that the Town has not been delegated the authority under Rhode Island law to use eminent domain to forcibly acquire the Santoro Property and its actions are *ultra vires*.

25. Two days later, I was informed by my counsel that the Town filed a separate condemnation action in state court. I did not receive a copy of the petition or any notice the Town was filing a petition.

26. Without informing me that it would be doing so, the Town then filed a motion seeking to deposit $775,000 in a trust account as just compensation for the Santoro Property. That amount is paltry in comparison to the Santoro Property's true worth, and at minimum, is inadequate under the requirement of Rhode Island law that we receive not less than 150% of fair market value for any condemnation that is

5

claimed to be for economic development. My counsel informed me of this development after the fact.

27.  The Town then sent our counsel a letter stating it had formally acquired our property and would trespass us if we left anything on the property after March 21, 2025.

28.  I received no notice of our property formally changing hands or the Town's claim to possess the title to our property, or any notice of a court hearing occurring where our property would be discussed. Instead, I only learned of a court hearing occurring only after the court had ruled on the Town's motion to deposit money into a trust account.

29.  If the Town and Polisena are allowed to take my property, the Santoro Property, my Development Partners and I will find ourselves deprived of our land, and the opportunity to help our community. The Town's taking will literally have robbed us of the ability to achieve our goal and rely on the development income we are relying.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2025.

_____
LUCILLE SANTORO