# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; and<br>SIXTY THREE JOHNSTON, LLC,<br><br>              Plaintiffs,<br>     v.<br><br>TOWN OF JOHNSTON, RHODE ISLAND;<br>JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the<br>Town Council of the Town of Johnston; and<br>VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston,<br>              Defendants. | Civil Action No. 1:25-cv-00088<br><br><br><br>**PLAINTIFFS' STATEMENT OF CLAIMS** |

# **PLAINTIFFS' STATEMENT OF CLAIMS**

Under Local Rule CV 16(b), Plaintiffs SCLS Realty, LLC and Sixty Three Johnston, LLC (Plaintiffs) submit this summarized Statement of Claims.

I. **Public Use (U.S. Const. amend. V; XIV)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. Plaintiffs own private property (the Property).
      ii. The Town of Johnston (Town) purported to exercise eminent domain to take Plaintiffs' private property for a new municipal campus.
      iii. The Town's stated reason for the taking is not its actual purpose.
   b. <u>Short description of facts in support thereof:</u>
      i. <u>Agreed Facts:</u>
         1. Plaintiffs own the Property: Admitted: Defendants' Answer to First Amended Complaint (Ans.) ¶ 22.
         2. The Town adopted resolutions to take the Property: Admitted: Ans. ¶¶ 62, 65-66, 84-85.
      ii. <u>Disputed facts:</u>
         1. The Town exercised eminent domain only after learning that the Plaintiffs planned to develop affordable housing.
         2. The Town opposes Plaintiffs' affordable housing development.
         3. The Town had no actual plans to build a municipal campus.
         4. The true purpose of the Town exercising eminent domain is to prevent the Plaintiffs' affordable housing development.

II. **Due Process (U.S. Const. amend. XIV)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. Plaintiffs possess a property or liberty interest.
      ii. The Town has deprived Plaintiffs of that interest.
   b. <u>Short description of facts in support thereof:</u>
      i. Plaintiffs incorporate by reference the facts set forth above at section I.b.

III. **Taking Without Just Compensation (U.S. Const. amend. V; XIV)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. The Plaintiffs own private property.
      ii. The Town seized and occupied the Property.
      iii. The Town did not provide just compensation.
   b. <u>Short description of facts in support thereof:</u>
      i. <u>Agreed Facts:</u>
         1. Plaintiffs incorporate by reference the facts set forth above at section I.b.i.
         2. The Town attempted to take the property, publicly claimed the Town owned it, and excluded Plaintiffs. Admitted: Ans. ¶¶ 22, 62, 65-66, 84-85, 97, 101-03, 106, 109, 110.
      ii. <u>Disputed Facts:</u>

1. Whether the Town properly acquired the Property through eminent domain.
2. Whether the Town provided the Plaintiffs just compensation for the temporary acquisition of the Property.

IV. **Civil Rights Act (42 U.S.C. § 1983)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. Defendants are "persons"
      ii. Defendants acted under the color of state law.
      iii. Plaintiffs are citizens of the United States or other persons within the jurisdiction thereof.
   b. Defendants have deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution and laws.
   c. <u>Short description of the facts in support thereof:</u>
      i. Agreed Facts:
         1. The Town admitted the Plaintiffs own the Property. *See* Defendants' Answer ¶ 22.
         2. The Town adopted resolutions to take the Property: Admitted. Ans. ¶¶ 62, 65-66, 84-85.
      ii. Disputed Facts:
         1. The Town disputes that it is a "person" within the meaning of the Civil Rights Act
         2. The Town disputes that it improperly attempted to and is attempting to take the Plaintiffs' Property in violation of the Civil Rights Act.

V. **Bad Faith Taking (R.I. Const. art. I, § 16)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. The Plaintiffs own the Property.
      ii. By the actions set forth above and incorporated by reference from Claim I, the Town has deprived the Plaintiffs of their Property in violation of Article I, § 16 of the Rhode Island Constitution.
   b. <u>Short description of the facts in support thereof:</u>
      i. Plaintiffs incorporate by reference the facts set forth above at section I.b.

VI. **Ultra Vires Taking (R.I. General Laws)**
   a. <u>Elements that must be proven for Plaintiff to prevail:</u>
      i. The State of Rhode Island possesses the sovereign power of eminent domain, which it may delegate to the Town.
      ii. The Town may not exercise eminent domain power absent a delegation from the State.
      iii. The State has not delegated the Town general eminent domain authority for the construction of a municipal complex.
      iv. Rhode Island law requires towns to form a municipal public building authority before using eminent domain to build municipal public buildings.
      v. The Town has not established a municipal public building authority.

    b. <u>Short description of facts in support thereof:</u>
        i. <u>Agreed Facts:</u>
           1. Plaintiffs incorporate by reference the facts set forth above at section I.b.
           2. The Town has not established a municipal public buildings authority under Rhode Island General Laws § 45-50-3. Admitted: Ans. ¶ 176.
        ii. <u>Disputed facts:</u>
           1. Whether the Town possesses a generalized power of eminent domain to take the Property for a municipal campus.
           2. Whether the Town Charter authorizes it to take property absent an express delegation of eminent domain power from the State.
           3. Whether the State has delegated that power to the Town.
           4. Whether the Town's attempt to take the Property is beyond the delegated powers the Town may exercise.

DATED: May 28, 2025.

Respectfully submitted,

KELLEY M. SALVATORE
R.I. Bar No. 6025
STACY W. THOMSEN
R.I. Bar No. 10342
DarrowEverett LLP
1 Turks Head Pl., #1200
Providence, RI 02903
Telephone: (401) 453-1200
ksalvatore@darroweverett.com
sthomsen@darroweverett.com

AUSTIN W. WAISANEN*
Wyo. Bar No. 8-7023**
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
awaisanen@pacificlegal.org

/s/ Kathryn D. Valois
KATHRYN D. VALOIS*
Fla. Bar No. 1010150
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
kvalois@pacificlegal.org

ROBERT H. THOMAS*
Cal. Bar No. 160367
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
rthomas@pacificlegal.org
*Pro Hac Vice / **Licensed only in Wyoming*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a copy of the foregoing document was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

William J. Conley, Jr.
Mario Martone
Sarah F. O'Toole
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
wconley@conleylawri.com
mmartone@conleylawri.com
sotoole@conleylawri.com

*Counsel for Defendants*

                                        /s/  *Kathryn D. Valois*
                                        Kathryn D. Valois