## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston, <br><br> Defendants. | No. 1:25-cv-00088-MRD-PAS <br><br> **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MEMORANDUM OF LAW** <br><br> **HEARING REQUESTED** <br> **(15 minutes per side estimated)** |

## INTRODUCTION

The Santoro Family seeks this Court's assistance in obtaining requested documents (text message conversations) which the Town has refused to produce, despite months of requests by the Santoros.[1] The Town has declined to or has severely delayed producing the documents and has sought a protective order to prevent the Santoros from obtaining the documents elsewhere. The situation is detailed in the

---

[1] Plaintiffs SCLS Realty, LLC, and Sixty Three Johnston, LLC, are referred to collectively as the "Santoro Family." Defendants and Town officials are referred to collectively as the "Town" unless the context otherwise requires.

Santoro Family's Opposition to Defendants' Motion for Protective Order (Oct. 2, 2025) (ECF 29). To summarize, the Town has only produced self-selected-and-edited portions of text message conversations among Town officials and others. In a case where the Town's actual reasons and motives for taking the Santoro Family's property by eminent domain is a key issue, the text messages sent and received by the Town officials who made the decision to exercise eminent domain could be highly relevant and probative evidence of pretext.

The portions of conversations the Town has produced have admittedly been altered, severely hindering the Santoro Family's ability to conduct meaningful discovery. When the Santoro Family pointed out that screenshots by the Mayor and others of text snippets from their phones are not responsive to its discovery requests, the Town agreed to provide all the documents. But it never has. Despite several months of the Santoro Family's efforts to convince the Town to produce complete records, the Town has refused to do so.

Thwarted in their efforts to obtain the Town's and its officials' phone records from the Town, the Santoro Family is also trying to get as many of these records as possible in the only other place where they may be found, the Town's cell phone service providers. But the Town sought a protective order (ECF 28) which seeks to shield these records, potentially leaving the Santoro Family with no way to review what might be critically important evidence. The records sought from the cell service providers are substantially the same records which the Town failed to produce and which are the subject of the present motion.

**PLAINTIFFS' MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS FROM DEFENDANTS**

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Plaintiffs SCLS Realty, LLC, and Sixty Three Johnston, LLC, move this Court for an order compelling Defendants Town of Johnston, Mayor Joseph M. Polisena, Jr., and Town Council President Robert Russo, and Town employees Chief of Staff Douglas Jeffrey, Deputy Chief of Staff Dominique Turner, and Planner Thomas Deller, within five calendar days to produce for examination, work and personal phones to a mutually-agreed upon third-party for examination of electronically stored information (ESI) and data extraction; or produce complete and unedited cell phone records (text messages) the Santoro Family requested six weeks ago which the Town has failed to produce.

**RULE 37 CERTIFICATION**

In accordance with Fed. R. Civ. P. 37(a)(1), movants-plaintiffs certify that they have in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. *See* Declaration of Kathryn D. Valois (Valois Decl.).

**LOCAL RULE CV 7(c) STATEMENT**

In accordance with LR Cv 7, counsel states that a hearing is requested, and estimates that 30 minutes (15 minutes per side) is sufficient. The Santoro Family also suggests this motion to compel and the Town's Motion for a Protective Order (ECF 28) should be heard and considered together.

## MEMORANDUM OF LAW

### I.    FACTS[2]

#### A.    The Town's Actual Motive Is the Central Issue in Count I

This litigation arises from the Town of Johnston's unconstitutional and illegal attempt to take the Santoro Family's property by eminent domain. The key issue in Count I (Fifth Amendment Public Use Clause) is whether the Town's stated public use for the taking (development of a new municipal complex) is pretextual, and whether the Town's actual reason is to stop the Santoro Family from building affordable housing. *See* First Amended Complaint (Mar. 24, 2025) (ECF 18).

After the Court issued a temporary restraining order and a preliminary injunction requiring the Town to return to state court and dismiss the petition for deposit, the parties jointly produced the Parties Joint Discovery Plan & Scheduling Order (June 17, 2025) (ECF 25), which set forth the case's discovery plan and was approved by this Court.

#### B.    The Santoros Requested Documents Which May Reveal the Town's Motives and Actual Reasons for Eminent Domain

Pursuant to this Court's Pre-trial Scheduling Order, the Santoro Family propounded production requests on several Town officials, including Mayor Joseph Polisena, Jr., and Town Council President Robert Russo. *See* Plaintiffs' First Set of

---

[2] The facts regarding the Town's incomplete production of text message conversations relevant to the present motion are set forth in detail on pages 3-12 of Plaintiffs' Opposition to Defendants' Motion for a Protective Order (Oct. 2, 2025) (ECF 29) and in the supporting exhibits. In the interest of brevity, those facts will not be repeated in full here, but are incorporated by reference and summarized.

Requests for Production to Defendant Robert V. Russo (June 20, 2025) (Exhibit A); Valois Decl. The sought records included text messages which could reveal whether the Town was motivated to take the Santoro property by eminent domain to stop them from building affordable housing.

### C.    The Town Produced Only Edited Snippets of Text Conversations

All Town officials save one, Town Council President Robert Russo, timely answered the Santoro's first production request. But as detailed here and in the Santoro's opposition to the Town's motion for protective order (ECF 29), the Town's response has been inadequate and incomplete. The documents the Town provided were screenshots of selected *portions* of text message conversations.[3] For example, the Town provided the following four text messages, all from different individuals, without providing information on who sent the text, when the text was sent, and, in many cases, omitting critical conversation information like the preceding and foregoing messages:

---

[3] As part of the Parties Joint Discovery Plan & Scheduling Order (June 17, 2025) (ECF 25), the parties agreed to produce all electronically stored information in a specific format to aid in searchability. *Id*. at 13. Despite agreeing to these procedures, the Town only produced documents in other non-searchable formats (images of selected text messages), thereby hindering the Santoro Family's ability to fully organize and evaluate the documents. *See* Email: Re Defendants' Discovery Responses (July 21, 2025) (Exhibit B); Valois Decl.



Exhibit C



Exhibit C



Exhibit C



Exhibit C

*See* Text Message Screenshots (Exhibit C).

In another example, the Town produced the screenshot below, which purports

to depict portions of a text message conversation between Town Council President

Robert Russo and Mayor Polisena, Jr. *See* Exhibit C. This snippet lacks context and does not indicate the times the text messages were sent throughout the day but lumps all five visible text messages together and places them under the December 6 at 7:27 AM heading. *Id.* It also is a text message that Mr. Russo did not provide.



Exhibit C

Three days after receiving these as part of the Town's production of documents, the Santoros raised objections about the texts' deficiencies with the Town. *See* Thomas Deller Deposition Transcript (July 24, 2025) at 247:3 − 248:13; 273:3 − 274:15 (Exhibit D); Valois Decl. The Town eventually agreed to provide more complete and responsive versions of these and other screenshots of text messages. Valois Decl.

### D.     The Incomplete Russo Production

While the Santoros were waiting for more responsive versions of the original text message production, the Town informed the Santoros that Mr. Russo was "out of the country" and would be unable to meet the July 21, 2025, deadline for the document production. *See* Email, Re: Stipulation to Enlarge Time (July 18, 2025) (Exhibit E); Valois Decl. Based on this representation, the Santoros agreed to extend Russo's time to provide documents until August 8, 2025. *See* Stipulation to Enlarge Time (July 22, 2025) (Exhibit F); Valois Decl. But this deadline came and went, and despite the Town's agreement, it did not timely provide Russo's documents. *See* Email, Robert Russo Discovery (August 18, 2025) (Exhibit G); Valois Decl.

When Russo finally produced the documents on August 21, 2025, his production, like the Town's earlier production, contained only self-selected portions of screenshots of text message conversations. *See* Email: Re Robert Russo Discovery (August 21, 2025) (Exhibit H); Valois Decl. For an example of how the fragments which the Town produced lack context, in the below-pictured screenshot of a text message, the Santoros could not understand who sent the message, who received the

11

message, when the message was sent, or anything else about the conversation. Exhibit H at 9-12.

> Wow.!!! TOJ  has issues with that project.  Need to challenge that design , the survey , wetland des-ignation of the wetland Is that where they get cre-ative ? Can utilities sup-port that project ? Sewer, water , Need fire sprinklers service for all of those buildings. Eleva-tors means 1000 amp services.

Exhibit H

Similarly, the Town produced the Russo screenshot below, which purports to depict portions of a text message conversation about the Town's attempted use of eminent domain. *Id.* However, again, the Santoros are unable to glean any relevant information about the text (sender, recipient, date, time, etc.) other than the message itself:

We are gearing up   That moronic law that went into effect 1/1/24 allows ridiculous densities. You have any experience with defeating something like this?

Exhibit H

The Town has promised to supplement these text snippets with more responsive versions. *See* Email: Re Robert Russo Discovery (August 22, 2025) (Exhibit I); Valois Decl. However, as with the other text message conversations, the Santoro Family has been forced to wait, suffering further material injury each day they are forced to conduct discovery with one hand tied behind their back. *See* Email: Re TOJ Response to 1st RFP (September 8, 2025) (Exhibit J); Valois Decl.

### E.    The Town Agreed to Provide Everything (But Didn't)

The Town's failure to produce unaltered and unedited text messages and conversations has been pointed out by the Santoros numerous times over the last six weeks. *See* Plaintiffs' Opposition to Defendants' Motion for Protective Order (Oct. 2, 2025) (ECF 29); Email: Re Scheduling (Aug. 12, 2025) (Exhibit K); Email: Re Robert Russo Discovery (Aug. 21, 2025) (Exhibit L); Email: Re Robert Russo Discovery (Aug. 22, 2025) (Exhibit M); Valois Decl. Initially, the Town represented that it would produce complete and unedited versions of the texts. *Id*. However, when the time came for the Town to produce Defendant Russo's documents, it went ahead and produced the unresponsive versions seen above. *Compare* Exhibit C *with* Exhibit H at 9-12. These Russo messages, along with the Mayor's text messages, are entirely

13

unresponsive to the Santoros' request for production as the provided messages are incomplete, and often omit the date, time, and information on the sender and receiver. *Id*.

## II.    ARGUMENT

The same reasons this Court should deny the Town a protective order and allow Verizon and T-Mobile to respond to the Santoros' subpoenas, also support an order compelling the Town to fully produce all of the text messages requested from the Town and its officials.

### A.    Standard of Review: If a Party Only Partially Produces Relevant Records, It Bears the Burden of Showing Why Others Should Be Shielded From Disclosure

Rule 37 permits a party to file a motion to compel if the opposing party fails to produce requested documents. *Campaign Legal Center v. Iowa Values*, 710 F.Supp.3d 35, 46 (D.D.C. 2024) (citing *Lamaute v. Power*, 339 F.R.D. 29, 35 (D.D.C. 2021)). "The motion to compel is subject to a burden-shifting framework. The moving party bears the initial burden of showing that the requested information is relevant." "Relevance is construed broadly in the discovery context as 'any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.' The moving party also bears the burden of showing that the opposing party's response to their request is inadequate or incomplete." *Campaign Legal Center*, 710 F.Supp.3d at 46-47 (internal citations omitted); *see also, Chr. Hansen HMO GMBH v. Glycosyn, LLC*, 733 F.Supp.3d 1, 4 (D. Mass. 2024) ("A party moving to compel discovery bears the initial burden of showing the relevance of the information sought. Once the

movant makes this showing, the burden shifts to the nonmoving party to show that the requested discovery is nonetheless improper.").

"After establishing relevance and incompleteness, 'the burden shifts to the party opposing discovery to show why the discovery should not be permitted.' 'Courts consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C) when deciding whether to grant a motion to compel.' The party opposing discovery must 'show that the movant's request is burdensome, overly broad, vague or outside the scope of discovery.'" *Campaign Legal Center*, 710 F.Supp.3d at 46-47 (internal citations omitted). An incomplete answer or response is treated as a failure to respond. *Id.*

### B. The Town's Text Message Conversations Are Relevant, to Understand Why It Decided to Use Eminent Domain

The information sought—text conversations between and among the Town's key "players" (the Town officials and others who decided to use eminent domain to take the Santoros' property despite no authority under state law to do so)—is highly relevant to the central issue in Count I: the Town's actual motivation for attempting to seize the Santoro Family's property. *See, e.g., Kelo v. City of New London*, 545 U.S. 469, 491 (2005) (Kennedy, J., concurring) ("A court applying rational-basis review under the Public Use Clause should strike down a taking that, by a clear showing, is intended to favor a particular private party, with only incidental or pretextual public benefits, just as a court applying rational-basis review under the Equal Protection Clause must strike down a government classification that is clearly intended to injure a particular class of private parties, with only incidental or pretextual public

justifications."). Obtaining and reviewing these communications is even more essential in light of Mayor Polisena, Jr.'s testimony that he decided to be "unpredictable" and "keep it under wraps" the Town's eminent domain strategy so that his "opponents" the Santoro Family (his words) would not know what the Town was up to. *See* Mayor Joseph M. Polisena Jr.'s Deposition Transcript (July 28, 2025) at 375:13 − 379:4 (Exhibit N); Valois Decl. ("I like being unpredictable. I think it makes your opponents harder to deal with you.).

In sum, text message conversations among the Town officials in which they discuss the Santoro property and the Town's reasoning for seizing it are relevant and necessary evidence by which the Santoros may break through the Town's wall covering its actual motives.[4]

### C.    Russo's Production Is Incomplete

The Santoros also easily satisfy the second factor—showing that the opposing party's response to their request is inadequate or incomplete—for the text messages the Town has produced are entirely self-edited and selected snippets. As mentioned above, the Town's provided text message conversations are only *pieces* of ongoing conversations. Exhibits C & H; Valois Decl. The messages omit critical information

---

[4] The text message conversations the Santoros are seeking are not obtainable from any source other than the Town officials themselves or through the existing third-party subpoenas to Verizon and T-Mobile. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). The Town's motion for a protective order concerning the validity and scope of the Santoro Family's subpoenas is currently pending before this Court. *See* Defendants' Motion for Protective Order (Sep. 18, 2025) (ECF 28); Plaintiffs' Opposition to Defendants' Motion for a Protective Order (Oct. 2, 2025) (ECF 29).

such as time stamps, date stamps, indication of who provided emphases, and often fail to fully include messages either partially or entirely. *Id*. Without this information, the Santoro Family is unable to fully participate in discovery, as the text messages provide only a glimpse into what the Town and its officials were actually doing when trying to use eminent domain.

The Santoros are not alone in believing the test messages provided are inadequate. The Town too has stated that the messages provided are deficient. Exhibits I–M; Valois Decl. However, despite their many promises to supplement the texts with more responsive versions, the Santoros are still waiting to actually receive the promised supplement. *Id*.

### D.      The Town Bears the Burden to Show Disclosure Is Improper

The Santoros have shown the sought messages are both relevant and, in their current form, are inadequate. They have met their burden and the Town must explain to this Court why the Santoros' request is disproportionate to the needs of the case. *See DMO Norwood LLC v. Kia America, Inc.*, 691 F.Supp.3d 252, 257 (D. Mass. 2023) ("The party moving to compel 'bears the initial burden of showing the relevance of the information sought.' If the moving party makes a showing of relevance, the burden shifts to the objecting party to show that a discovery request is improper.") (citing *Douglas v. EF Educ. First Int'l, Ltd.*, 344 F.R.D. 135, 138 (D. Mass. 2023)). The Town cannot meet this burden because it has acknowledged its current response is deficient. Exhibits I–M; Valois Decl.

## III.    CONCLUSION

The Santoro Family respectfully requests this Court issue an order compelling

the Town to produce the withheld documents.

DATED: October 7, 2025.

Respectfully submitted,

KELLEY M. SALVATORE
Mass. Bar No. 637885
R.I. Bar No. 6025
STACY W. THOMSEN
Cal. Bar No. 274282
Mass. Bar. No. 706742
R.I. Bar No. 10342
DarrowEverett LLP
1 Turks Head Pl., #1200
Providence, RI 02903
Telephone: (401) 453-1200
Fax: (401) 453-1201
ksalvatore@darroweverett.com
sthomsen@darroweverett.com

/s/ Kathryn D. Valois
KATHRYN D. VALOIS*
Fla. Bar No. 1010150
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Fax: (916) 419-7747
kvalois@pacificlegal.org

AUSTIN W. WAISANEN*
Wyo. Bar No. 8-7023**
Pacific Legal Foundation
3100 Clarendon, Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
awaisanen@pacificlegal.org

ROBERT H. THOMAS*
Cal. Bar No. 160367
Hawaii Bar No. 4610-0
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
rthomas@pacificlegal.org

*Pro Hac Vice
**Admitted only in Wyoming

Counsel for Plaintiffs

18

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, a copy of the foregoing document was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William J. Conley, Jr.
Mario Martone
Sarah F. O'Toole
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
wconley@conleylawri.com
mmartone@conleylawri.com
sotoole@conleylawri.com

*Counsel for Defendants*

/s/Kathryn D. Valois
KATHRYN D. VALOIS
Pacific Legal Foundation