UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC,<br><br>*Plaintiffs*<br><br>v.<br><br>TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston,<br><br>*Defendants* | CA No.: 1:25-cv-00088-MRD-PAS |

**DEFENDANT TOWN OF JOHNSTON'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Defendant Town of Johnston (the "Town") hereby submits this reply memorandum in further support of its Motion for a Protective Order, in which the Town seeks an order preventing Verizon and T-Mobile from producing years of call and text message records in response to overbroad and disproportionate subpoenas (the "Subpoenas") served by the Plaintiffs SCLS Realty, LLC and Sixty-Three Johnston, LLC (collectively, the "Plaintiffs"). The Subpoenas at issue seek the private and professional communications of multiple Town officials and employees over a three-year period—including a timeframe preceding the current administration—and would expose privileged, personal and plainly irrelevant information far beyond the scope of permissible discovery under Rule 26. The disclosure of this information would not only lead to the production of plainly irrelevant information, but would cause exactly the "annoyance, embarrassment, [and]

1

oppression" that Rule 26(c)(1) is designed to prevent and would impose an undue burden vastly out of proportion to any conceivable benefit.

Despite Plaintiffs' characterizations, the Town has acted in good faith throughout the discovery process and has taken steps to supplement its responses to provide complete and accurate information. Per Plaintiffs' own Opposition, only six weeks elapsed between the Town's initial production of responsive communications and the issuance of the Subpoenas. During that period, counsel for the parties engaged in a meet and confer conference to discuss the needs of the case and responses to the discovery. The Town maintains that it has produced all relevant text messages and other communications. There is no justification for the broad subpoenas and the sweeping intrusion into the private lives of municipal officials and employees.

Accordingly, the Court should grant the Town's Motion for a Protective Order.

### I.     **The Subpoenas are Not Narrowly Tailored in Time or Scope.**

Plaintiffs attempt to portray the Subpoenas as "narrowly drawn" and "carefully crafted," but the text of the Subpoenas tells a different story. Each Subpoena demands records of all incoming and outgoing calls, text message logs, and subscriber and billing information for multiple Town officials over a three-year period—from January 1, 2022 to the present—without limitation as to subject matter, recipient, or connection to this litigation. That timeframe also reaches back a full year before Mayor Polisena, Jr. assumed office and well before any events giving rise to Plaintiffs' claims.[1]

---

[1] Plaintiffs' justification for including the final year of the prior administration only underscores the overbreadth of their request. They claim the inclusion of former Mayor Polisena, Sr.'s term is necessary because he "never had plans to develop a municipal building campus." *See* Pls.' Opp. at 11. That argument turns relevance on its head. The fact that a prior mayor chose not to pursue a municipal campus has no bearing on whether the current administration's later decision to do so was lawful or pretextual. The relevant conduct in this case concerns the actions and decision-making of the current administration—the officials who exercised the Town's eminent domain

This sweeping demand captures every communication made or received by Mayor Polisena, Sr. as well as Mayor Polisena, Jr., his Chief of Staff, Assistant Chief of Staff, and Town Planner during that time, regardless of whether it pertains to the Plaintiffs' Property, the municipal campus project, or any other matter before the Town. It would inevitably include communications with family members, friends, constituents, medical providers, and attorneys—none of which bear any relevance to the eminent domain proceedings or to the claims or defenses in this action.

Rule 26(b)(1) does not permit such unbounded discovery. Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case," considering "the importance of the issues at stake," "the parties' relative access to relevant information," and whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs' demand for all call and text records—without any effort to tie those records to specific, relevant time periods, custodians, or topics—fails every aspect of this test. For these reasons, the Subpoenas are neither narrowly tailored nor proportional to the needs of the case. They are temporally overinclusive, substantively untethered to the claims at issue, and plainly calculated to obtain vast amounts of irrelevant and private information. The Court should therefore grant the Town's Motion for Protective Order and prohibit enforcement of the Subpoenas.

---

authority and made the determinations Plaintiffs now challenge. The motives, discussions, and communications of a prior administration that took no action on the Plaintiffs' property shed no light on those questions. Including that timeframe would therefore capture communications from officials and staff with no connection to the current decision-makers and no relevance to the eminent domain proceedings at issue.

      **II.**    **The Subpoenas Seek Vast Amounts of Irrelevant and Private Information and Represent an Unrestrained Intrusion into Town Officials' Private Communications in Contravention of Rule 26.**

The breadth of the Subpoenas also creates significant concerns about privacy, privilege and proportionality. By requesting all incoming and outgoing calls, text logs, and data records for multiple Town officials—both from their personal and municipal telephone lines—they would invariably sweep in thousands of communications having nothing to do with this litigation. That includes communications with family members, friends, medical providers, and attorneys, as well as communications with constituents about Town business wholly unrelated to the Plaintiffs' Property. That kind of intrusion far exceeds what Rule 26 contemplates, and no Federal Rule authorizes a fishing expedition into every aspect of a public official's communications simply because litigation exists. *See Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023) (holding that discovery must have "ultimate and necessary boundaries" and rejecting "cascading discovery of every type and kind"); *Encompass Ins. Co. v. Kramer*, No. 07-11333-JLA, 2008 U.S. Dist. LEXIS 137634, at 11–12 (D. Mass. Sept. 23, 2008) (denying subpoena for employee telephone records as overly broad, unduly burdensome, irrelevant and likely to lead to the disclosure of privileged information). Producing these materials would expose private and privileged information, including the identities and contact information of third parties who have no connection to the claims or defenses here. It would also risk disclosure of ongoing attorney-client communications between Town officials and counsel concerning this litigation—precisely the type of intrusion Rule 26(c)(1) is designed to prevent. For these reasons, the Court should grant the Town's Motion.

### III.     The Information Sought Can Be Provided Through Less Intrusive Means.

The Subpoenas are also improper because the information has been collected by the Defendants during discovery, and any additional documents required to be provided to the Plaintiffs can be obtained through less intrusive means that does not bring in vast quantities of unrelated personal and privileged data. As Plaintiffs acknowledge, the Town has already produced responsive communications pursuant to the Plaintiffs' discovery requests. *See* Pls.' Opp. at 4-5.

Under Rule 26(b)(2)(C), discovery should be denied or limited where the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive." That standard is met here.

### CONCLUSION

Rule 26(c)(1) authorizes courts, upon a showing of good cause, to issue protective orders to shield a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." The Subpoenas at issue here implicate each of those concerns. Allowing Plaintiffs unrestricted access to years of personal call and text logs would cause unnecessary embarrassment and invade the privacy of public officials and various third-parties. Moreover, the Subpoenas are not narrowly tailored in time or scope. They reach back to a period predating the current administration and sweep in vast quantities of communications unrelated to any claim or defense in this case.

For these reasons, good cause exists to issue a protective order under Rule 26(c)(1). The Court should grant the Town's Motion for Protective Order, and prohibit enforcement of the Subpoenas as drafted.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Defendants,<br>By Their Attorneys,<br><br>*/s/ William J. Conley, Jr.*<br>William J. Conley, Jr. (#2149)<br>Mario Martone (#8221)<br>Sarah F. O'Toole (#9316)<br>Conley Law & Associates<br>123 Dyer Street, Suite 2B<br>Providence, RI 02903<br>Tel: 401.415.9835<br>wconley@conleylawri.com<br>mmartone@conleylawri.com |
| October 9, 2025 | sotoole@conleylawri.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Kathryn D. Valois
KValois@pacificlegal.org

Robert H. Thomas
RThomas@pacificlegal.org

Austin W. Waisanen
AWaisanen@pacificlegal.org

Kelley M. Salvatore
ksalvatore@darroweverett.com

Stacy W. Thomsen
sthomsen@darroweverett.com

*/s/ Sarah F. O'Toole*