UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY-THREE JOHNSTON, LLC,<br>v.<br>TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston | CA No.: 1:25-cv-00088-MRD-PAS |

**DEFENDANTS TOWN OF JOHNSTON'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

The Defendant Town of Johnston, Rhode Island (the "Town") hereby submits this memorandum of law in opposition to the Motion to Compel filed by Plaintiffs SCLS Realty, LLC and Sixty-Three Johnston, LLC (together, the "Plaintiffs"). *See* ECF No. 31.

Plaintiffs ask this Court for an extraordinary remedy: to compel Town officials to surrender their personal and work phones for forensic inspection, based on nothing more than speculation that additional text messages might exist, or, alternatively, to produce "***complete and unedited*** cellphone records (text messages)"—which would require the Town to produce unredacted text message records containing unresponsive and irrelevant communications. Mot. at 5. This request is untethered to any legitimate discovery need, inconsistent with what the Federal Rules of Civil Procedure require, and wholly disproportionate to the issues at stake.[1]  The Town has already

---

[1] Plaintiffs' expansive view of discovery is not limited to this motion. Their discovery efforts have repeatedly sought material far outside the scope permitted by Rule 26, including sweeping subpoenas issued to Verizon and T-Mobile that demanded over three (3) years of call and text records for multiple Town officials—from both their personal and municipal phone lines and spanning well before the current administration took office—and covering communications with *any* person, whether related to this litigation or not. That overreach led the Town to seek a protective order from this Court, which is presently pending before the Court. *See* Defendants' Motion for Protective Order, ECF No. 28.

1

produced all responsive text messages, cooperated in good faith throughout discovery, and agreed to supplement discovery where appropriate. Plaintiffs' true disagreement is not with the Town's compliance, but with the limits of relevance.

As numerous courts have recognized, in the takings context, inquiry into the subjective motives of government officials is legally irrelevant and not a proper subject of discovery. *See Brinkmann v. Town of Southold*, 96 F.4th 209 (2d Cir. 2024) (holding that courts should "not inquire into alleged pretexts and motives" where a taking serves a public purpose, and cautioning that judicial review of officials' subjective reasoning would invite courts to improperly "gauge the purity of the motives of the various government officials who approved [a measure]," motives that are "by nature fragmented—and rarely, if ever, pure"); *Goldstein v. Pataki*, 516 F.3d 50, 61–63 (2d Cir. 2008) (rejecting pretext-based challenge to taking and declining to engage in "a full judicial inquiry into the subjective motivation of every official who supported the Project"—an exercise the court deemed "fraught with conceptual and practical difficulties as with state-sovereignty and separation-of-powers concerns."). Accordingly, further probing into Town officials' personal reasoning through additional discovery—particularly by compelling unfettered access to their private cellphones—serves no proper purpose under Rule 26(b)(1) and would only impose needless burden and intrusion.

In sum, Plaintiffs' motion is an overreach. It seeks to invade personal privacy, impose unnecessary cost, and duplicate discovery that has already been produced. The Town has provided responsive text messages and communications reflecting Town officials' discussions concerning the Plaintiffs' Property. What Plaintiffs now demand would require multiple Town officials to surrender both their personal and work cell phones for an undefined period of time—devices they rely on daily to conduct Town business and manage their own personal affairs. Such an order

would not only be unduly burdensome and disruptive, but would also risk exposing sensitive, non-responsive information unrelated to this litigation. The scope and logistics of Plaintiffs' request underscore why Rule 26(b)(1) limits discovery to what is proportional to the needs of the case. For reasons stated more fully below, the Court should deny the Plaintiff's Motion to Compel.

## BACKGROUND

On June 20, 2025, Plaintiffs propounded their First Requests for Production of Documents (the "Requests") on several Town officials, including Mayor Joseph M. Polisena, Jr. ("Mayor Polisena") and Town Council President Robert Russo ("Mr. Russo"). **Ex. A**, Plaintiffs' First Requests for Production of Documents. The Requests seek, among other things, text message records discussing the Plaintiffs' Property, the Town's decision to construct a municipal campus, and the Town's decision to pursue condemnation of the Plaintiffs' Property. *Id.* On July 21, 2025, the Town timely served its responses to the Requests and issued its first production of documents.[2] **Ex. B**, Town's Responses to Plaintiffs' First Request for Production of Documents[3]. To date, the Town has produced all responsive, non-privileged documents in its possession, custody or control.

## STANDARD OF REVIEW

The Federal Rules make clear that discovery is not an invitation to embark on fishing expeditions or to demand information that has little or no bearing on the issues in dispute. *See* Fed. R. Civ. P 26; *see also Bonner v. Triple S Mgmt. Corp.*, 68 F.4th 677, 685 (1st Cir. 2023). A motion to compel discovery is not granted as a matter of course; instead, courts have broad discretion to deny such motions where the moving party fails to demonstrate that the requested

---

[2] Mr. Russo was unable to meet the initial discovery deadline as he was traveling out of the country—a fact made known to Plaintiffs' counsel in advance of the expiration of the discovery deadline—and ultimately served his discovery responses and document production on Plaintiffs on August 21, 2025. **Ex. C**, Russo's Responses to Plaintiffs' First Request for Production.
[3] Due to size, documentary exhibits are not included with this exhibit.

discovery is relevant. *Servicios Funerarios GG, S.A. de C.V. v. Advent Int'l Corp.*, Civil Action No. 23-10684-IT, 2023 U.S. Dist. LEXIS 199606, at *6 (D. Mass. Nov. 7, 2023).

A motion to compel is subject to a burden-shifting framework. The initial burden on a motion to compel rests squarely with the moving party—that party must first make a threshold showing that the information sought is relevant to a claim or defense under Rule 26(b)(1). *Noel v. United Better Homes, LLC*, No. 1:23-cv-00028-SJM-TLSM, 2025 U.S. Dist. LEXIS 199841, at *4 (D.R.I. Apr. 24, 2025); *see TG Plastics Trading, Co. v. Toray Plastics (Am.), Inc.*, No. 09-336M, 2011 U.S. Dist. LEXIS 159098, at *3 (D.R.I. Dec. 6, 2011) ("In addition, the scope of discovery is subject to the limitations set forth in Fed. R. Civ. P. 26(b)(2)(C) such as proportionality and duplication."). Only once a movant establishes relevance does the burden shift to the responding party to show that the discovery should not be permitted. *Noel*, 2025 U.S. Dist. LEXIS 199841, at *4.

Rule 26(b)(1) confines discovery to information that is relevant, nonprivileged, and proportional to the issues at stake. When a request seeks materials that are immaterial, duplicative, or plainly outside the scope of relevance, denial of the motion is not only proper—it is required to protect parties from undue burden and expense. *See Bonner*, 68 F.4th at 685.

## ANALYSIS

I. **The Court Should Deny the Motion to Compel Because Plaintiffs Have Not Shown That the Town's Production is Incomplete.**

   a. The Plaintiffs' Objections to the Town's Production Lack Merit.

Plaintiffs take issue with the Town's production on three narrow grounds: that (1) the Town only produced "screenshots of selected *portions* of text conversations" which omit preceding and foregoing messages; (2) certain screenshots omit information such as "who sent the text [and]

4

when the text was sent"; and (3) certain screenshots do not reflect the exact time-of-day individual text messages were transmitted.  *See* Mot. at 5-6.  These criticisms lack merit.

<u>First</u>, Plaintiff's assertion that portions of conversations were omitted ignores the Town's obligation under Rule 26(b)(1) to produce relevant and proportional information—not every stray message or unrelated topic appearing in a text thread.  To the extent preceding or following portions of text message conversations were not included in the Town's production, those segments contain unrelated Town business or personal communications plainly outside the scope of the Plaintiffs' requests.  Producing entire unredacted text threads would have disclosed non-responsive or purely personal information concerning municipal operations unrelated to this litigation and the Town officials' private affairs.  The Town properly limited its production to solely responsive content, and Plaintiffs' insistence on receiving non-responsive, irrelevant portions of the Town officials' communications is not what the Federal Rules demand.

<u>Second</u>, the Town's production was complete and organized.  The responsive text message threads were produced in chronological order and, where applicable, reflect the date of the conversation as shown on the device from which the screenshot was taken.  To the extent a thread is labeled with a date header (for example, "December 6"), the subsequent messages within that thread follow in sequential order.  Plaintiffs' suggestion that messages were produced without dates or in a disjointed manner is incorrect.  *See* Mot. at 5.  Additionally, the sender of each text message is readily identifiable based on the producing custodian.  Each production clearly indicates which Town official the messages came from—e.g., all messages in Mayor Polisena's production were sent or received by Mayor Polisena.  Plaintiffs' complaint that individual messages do not restate the sender's name line-by-line elevates form over substance.

Finally, Plaintiff's objection that certain screenshots do not list the precise time of day each text was sent is immaterial. Motion at 10. Plaintiffs have not explained—and cannot explain—why it would be relevant to know whether a particular message was sent at 7:27 a.m. versus 7:28 a.m. The Town's production identifies the date of each conversation, and Plaintiffs have not shown how the exact minute of transmission could bear on any claim or defense. Rule 26 does not require parties to provide that level of minute-by-minute detail, particularly where the information serves no discernible evidentiary purpose.

In short, the Town's production was timely, complete and conducted in good faith. The complaints Plaintiffs raise are immaterial grievances that do not render the production deficient under the Federal Rules. Because Plaintiffs cannot show that the Town's responses were incomplete or inadequate, they have failed to meet their burden to compel production and their motion should be denied.

      b. <u>If Required, the Town Will Supplement Council President Russo's Production as Appropriate.</u>

The Town acknowledges that certain messages in Council President Russo's production were produced without context such as the date of the message and the recipient. As explained in Section II *supra*, the Town maintains that Council President Russo's text messages are irrelevant and that the Town should not be required to produce these messages. If the Court disagrees with the Town's assertions, the Town will supplement its production with more complete information.

**II.    The Court Should Deny the Motion to Compel Because the Discovery Sought Is Not Relevant to Any Disputed Issue.**

      a. <u>Plaintiffs' Request for Discovery into the Town's Subjective Motives is Legally Irrelevant and Inconsequential.</u>

Plaintiffs seek to compel further discovery into the Town's "true motives" for acquiring the Plaintiffs' Property by requesting access to "text messages between and among key 'players'

(the Town officials and others who decided to use eminent domain to take the [Plaintiffs'] property…)." *See* Mot. at 15. This discovery is legally irrelevant as courts have repeatedly held that where a taking serves a legitimate public purpose, the subjective motivations of individual government officials are not a proper subject of judicial inquiry.

The Second Circuit's recent decision in *Brinkmann v. Town of Southold*, 96 F.4th 209 (2d Cir. 2024) is directly instructive. There, the plaintiffs alleged that the Town's decision to take the plaintiffs' land by eminent domain to create a public park was merely "pretext" to block their planned commercial development. *Id.* at 210-211. The court rejected that argument, holding that "when the taking is for a public purpose, courts do not inquire into alleged pretexts and motives." *Id.* at 211. Relying on *Berman v. Parker*, 348 U.S. 26, 32 (1954), the court emphasized that "the legislature, not the judiciary, is the main guardian of the public needs to be served by social legislation," and that judicial review of a taking's purpose and what constitutes a public use is "extremely narrow." *Brinkmann*, 96 F.4th at 212 (quoting *Berman*, 348 U.S. at 32).

In reasoning that squarely applies here, the Second Circuit cautioned that courts cannot—and should not—attempt to dissect or purify the motives of elected officials when a taking is rationally related to a legitimate public use:

> A 'pretext' limitation that invalidates a taking for a public park would undo this longstanding policy of deference … by inviting courts in all cases to give close scrutiny to the mechanics of a taking rationally related to a classic public use as a means to gauge the purity of the motives of the various government officials who approved it. Such motives are by nature fragmented—and rarely, if ever, pure. Different legislators may vote for a single measure with different goals.

*Brinkmann*, 96 F.4th at 213-14 (citing *Goldstein v. Pataki*, 516 F.3d 50, 62 (2d Cir. 2008)). This passage captures precisely why Plaintiffs' motion fails. The Town's decision to acquire the Plaintiffs' Property for a municipal complex is a quintessential public use, and therefore subject to judicial deference. Whether the individual government actors express frustration with a proposed

7

development or prefer one policy outcome over another is legally inconsequential. *See Brinkmann*, 96 F.4th at 214 ("Supreme Court precedent wisely forecloses inquiry into whether a government actor had bad reasons for doing good things. A condemning authority, therefore, has 'a complete defense to a public-use challenge' if, 'viewed objectively, the Project bears at least a rational relationship to . . . well-established categories of public uses, among them . . . the creation of a public, open space[.]'").

As *Brinkmann* and *Goldstein* recognize, although legislatures and municipal bodies act collectively, their motives are varied and overlapping. Courts "do not read *Kelo's* reference to 'pretext' as demanding … a full judicial inquiry into the subjective motivation of every official who supported the project, an exercise as fraught with conceptual and practical difficulties as with state-sovereignty and separation-of-powers concerns." *Goldstein*, 516 F.3d at 63; *see also Brinkmann*, 96 F.4th at 213-214 (same). To allow Plaintiffs' requested discovery—broad access to Town officials' personal text messages and communications—would contravene these settled principles. It would invite precisely the type of intrusive motive-sifting that federal courts have rejected for decades. The Second Circuit's warning in *Brinkmann* applies squarely here: such an approach would "undo [the] longstanding policy of deference to legislative judgments … by inviting courts … to gauge the purity of the motives of various government officials who approved" a concededly public project. *Id.* at 213-14.

In sum, under controlling precedent, the subjective motivations of individual Town officials are immaterial. The constitutional question turns solely on whether the taking is rationally related to a legitimate public purpose—a standard that has already been met here. *See Berman*, 348 U.S. at 32 ("[T]he legislature, not the judiciary, is the main guardian of the public needs to be served."); *Brinkmann*, 96 F.4th at 219 (same). Because discovery into subjective intent has no

8

bearing on that inquiry, the information Plaintiffs seek is not relevant under Rule 26(b)(1) and this Court should therefore deny Plaintiffs' motion to compel. *See e.g.*, *Ridenour* v. *Kaiser-Hill Co., LLC*, 397 F.3d 925, 938–39 (10th Cir. 2005) (affirming limits on discovery aimed at uncovering the government's "subjective motivation" and applying the deliberative-process privilege because "[a]gency deliberations not part of the record are deemed immaterial" when the governing standard—in that case, whether the government's action was rationally related to a legitimate governmental purpose—is objective).

      b. <u>Even if the Text Messages Sought Were Relevant, the Request is Disproportionate to the Needs of the Case and Unduly Burdensome.</u>

Even setting aside the threshold issue of relevance, Plaintiffs' demand for the wholesale production of Town officials' personal and professional cell text message records is plainly disproportionate to the needs of this case. Under Rule 26(b)(1), discovery must be limited to what is relevant and proportional, considering "the importance of the issues at stake," "the parties' relative access to relevant information," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, the proposed discovery fails every measure of proportionality.

Preliminarily, the discovery is plainly disproportionate to the needs of the case. As discussed above, the subjective motivations of individual municipal officials are not material to the constitutional question at issue. *See Brinkmann v. Town of Southold*, 96 F.4th 209, 213-214 (2d Cir. 2024) (explaining that courts should not "gauge the purity of motives" of local officials where the action serves a concededly public purpose). Because courts are not empowered to weigh or parse the personal reasoning of each decisionmaker, further discovery on this topic would not— and legally could not—advance Plaintiffs' claims. When the law renders a category of information legally inconsequential, compelling its production serves no purpose under Rule 26.

Additionally, the burden of the Plaintiffs' discovery request outweighs its benefit. Plaintiffs' motion to compel only underscores that burden. The relief they seek is extraordinary: within five days, the Town must either (1) turn over the "work and personal phones" of multiple municipal officials to a third-party vendor for "data extraction," or (2) produce "complete and unedited cell-phone records (text messages)" for those same officials. *See* Mot. at 5. Either alternative is untenable.

First, the proposal to surrender officials' phones to a forensic vendor is, as a practical matter, unreasonable and intrusive. It would require public officials—including the Mayor and Town Council President—to relinquish the very devices they use for municipal business and personal communication, for an unspecified period and to an outside third-party. The Town has no control over how long such an extraction would take, how the data would be handled, or what sensitive information might be exposed in the process. Requiring such an invasive procedure would severely disrupt the operation of local government and far exceeds what proportional discovery permits under Rule 26(b).

Second, Plaintiffs' "alternative" request—to compel production of "complete and unedited" cell-phone records and text messages—is equally unsustainable. The only feasible way to provide what Plaintiffs demand would be to retain a forensic vendor to extract and process that data. More fundamentally, their demand for unredacted and unfiltered text messages would necessarily encompass every single communication sent or received by Town officials over several years, regardless of subject matter or relevance.[4] It would require disclosure of purely private

---

[4] One of Plaintiffs' chief complaints centers on the Town's redactions of portions of text message threads—specifically, the messages that precede or follow those produced. *See* Mot. at 5. In nearly all cases, those redactions were made on the basis of lack of responsiveness and relevance: the omitted portions concerned unrelated Town business or personal communications having nothing to do with the Plaintiffs' Property or the issues in this litigation. Plaintiffs now seek "complete and unedited" text threads, effectively demanding disclosure of every communication on an official's device, regardless of whether it has any connection to

exchanges and unrelated Town business alike—from messages discussing the Plaintiffs' Property, other Town business, or what to order for lunch that day. The Federal Rules do not permit discovery so sweeping and indiscriminate. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii). Both alternatives thus impose the same fatal defect: they are grossly disproportionate and unduly burdensome, particularly in light of the extensive discovery the Town has already produced. Plaintiffs have not identified a single deficiency that would justify such an intrusive and overreaching remedy and, thus, the Court should deny their motion on this basis.

## CONCLUSION

For all the reasons set forth above, the Court should deny Plaintiffs' Motion to Compel in its entirety. The Town has already produced all responsive, non-privileged communications in its possession, custody, or control, and has done so in good faith and in full compliance with its discovery obligations. Plaintiffs' dissatisfaction rests not on any deficiency in the Town's production, but on their desire to explore the subjective motives of municipal decisionmakers—an inquiry that is both legally irrelevant and impermissible under long-established precedent.

The discovery Plaintiffs now demand would impose an undue and unnecessary burden on public officials, disrupt the ordinary conduct of municipal business, and expose private, non-responsive communications wholly unrelated to this case. Rule 26 requires none of this. Because Plaintiffs have failed to demonstrate that additional discovery is warranted or proportional to the needs of the case, their motion should be denied.

[SIGNATURE PAGE FOLLOWS]

---

the subject matter of this case. The Federal Rules do not require production of such plainly non-responsive and irrelevant material.

11

|  |  |
|---|---|
|  | Respectfully submitted,<br>Defendants,<br>By Their Attorneys, |
|  | */s/ William J. Conley, Jr.*<br>William J. Conley, Jr. (#2149)<br>Mario Martone (#8221)<br>Sarah F. O'Toole (#9316)<br>Conley Law & Associates<br>123 Dyer Street, Suite 2B<br>Providence, RI 02903<br>Tel: 401.415.9835<br>wconley@conleylawri.com<br>mmartone@conleylawri.com |
| October 21, 2025 | sotoole@conleylawri.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Kathryn D. Valois
KValois@pacificlegal.org

Robert H. Thomas
RThomas@pacificlegal.org

Austin W. Waisanen
AWaisanen@pacificlegal.org

Kelley M. Salvatore
ksalvatore@darroweverett.com

Stacy W. Thomsen
sthomsen@darroweverett.com

*/s/ Sarah F. O'Toole*