## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston, <br><br> Defendants. | No. 1:25-cv-00088-MRD-PAS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY OF RALPH SANTORO** <br><br> **HEARING REQUESTED** <br> **(15 minutes per side estimated)** |

## INTRODUCTION

"I have no further questions." *See* Transcript, Deposition of Ralph Santoro (Aug. 29, 2025) (attached as Exhibit A) at 207:15. With that, despite having several hours remaining under Fed. R. Civ. P. 30(d)(1), the Town terminated its deposition of Mr. Santoro on August 29, 2025, and affirmatively forfeited any ability to re-depose him.[1]

---

[1] Plaintiffs SCLS Realty, LLC, and Sixty Three Johnston, LLC, are referred to collectively as the "Santoro Family." Mr. Ralph Santoro is referred to as Mr. Santoro or Ralph Santoro. Defendants are referred to collectively as the "Town" unless the context otherwise requires.

Not only did the Town waive further deposition, but it also did not meet and confer with the Santoros, a prerequisite to a motion to compel under Federal Rule of Civil Procedure 37(a)(1).

Even if the Town's waiver and failure to comply with the rules were overlooked, its motion is still fundamentally flawed. What the Town seems to be complaining about is the quality of Mr. Santoro's responses. But Mr. Santoro was never instructed to not answer, and the Town had every opportunity to continue to press him by asking follow-up questions to try and get responses that were more satisfactory to interrogating counsel. The Town failed to do just that and instead, it simply "objected" to Mr. Santoro's answers as non-responsive and moved on to other questions. Then, with around two hours remaining in the Federal Rule of Civil Procedure 30(d)(1) time limit, the Town stated on the record that it had "no further questions." The Town's failure to conduct its deposition in a way that elicited meaningful answers is not something the Santoros can control. Nor can the Town candidly argue that the Santoros' counsel "coached" Mr. Santoro to not answer questions when counsel only cautioned Mr. Santoro to refrain from discussing attorney-client communications and never directed Mr. Santoro to not answer, something the Town has done itself.

## I.    FACTS

Mr. Santoro is one of four individuals, comprising two separate LLCs, involved in the current lawsuit against the Town of Johnston for its unconstitutional and illegal attempt to take the Santoro Family's property by eminent domain. *See* First Amended Complaint (Mar. 24, 2025) (ECF 18). He is one of the principals of SCLS Realty, LLC, the named Plaintiff in the case, along with his wife Suzanne Santoro,

his sister Lucille Santoro, and his longtime friend Salvatore Compagnone, Jr. He is also the sole principal of Sixty Three Johnston, LLC, the secondary Plaintiff in the case.

On August 19, 2025, the Town noticed Mr. Santoro that it would be taking his deposition on August 29, 2025. *See* Notice of Deposition, Ralph Santoro (Aug. 19, 2025) (attached as Exhibit B). Mr. Santoro appeared, as noticed, for his deposition. *See* Ex. A at 4:5-4:9. During his deposition, Mr. Santoro answered questions on a variety of topics to the best of his ability. *See id*. at 7:15-207:9. He asked for clarification when appropriate and indicated that he did not remember when and if he did not remember an answer to a question. *See, e.g., id*. at 8:4-9:17. Despite that fact, when the Town did not get the answers it wanted, it made several snide comments such as: "[t]his is going to be a long deposition", "[t]hat's the best answer you have?", "I think you're acting confused", and "[t]he question is real simple." *Id*. at 9:14, 54:25, 71:9, 76:20-21. The Town also laughed at Mr. Santoro when Mr. Santoro asked clarifying questions or gave answers the Town believed were unconvincing. *Id*. at 90:16-21.

Importantly, at one point during Mr. Santoro's deposition, the following colloquy occurred:

> Q. [MR. CONLEY] So you're agreeing that you can't simply say that you don't remember in response to a question when you actually know the answer, right?
>
> A. [MR. SANTORO] I think it's a question that's not asking a question. I will answer a question if I can remember it. I will not answer something if I really don't remember it.

Q. [MR. CONLEY] Do you also understand that you can't simply use the phrase I don't recall in response to a question when you actually know the answer to the question, right?

A. [MR. SANTORO] Again, I think I answered that question.

Q. [MR. CONLEY] No, you didn't. Listen carefully. Can you read it back, please.

(QUESTION READ BACK)

MS. SALVATORE: Objection. I think he did answer the question, just not with yes or no. He told you he will answer if he remembers or recalls, and he will say he doesn't remember or doesn't recall if he doesn't. Asked and answered.

MR CONLEY. It's not, and you're not allowed to coach the witness through your objections, so please don't try to do that.

MS. SALVATORE: I'm not, I put my objection on the record.

MR. CONLEY. You did more than that, and you coached the witness. You know you can't do that.

MS. SALVATORE. I did not coach the witness.

MR. CONLEY. You did. May I have the question read back. Listen to the question and answer it.

*Id.* at 17:22-19:8. The Town now broadly characterizes that interaction and one other[2]

as an attempt by Ms. Salvatore to "coach" Mr. Santoro on how to answer questions.

*See* Motion to Compel Deposition Testimony of Ralph Santoro (Oct. 31, 2025) (ECF

---

[2] The second interaction the Town argues was coaching can be found on page 149 of Ralph Santoro's deposition transcript. Ex. A at 149:18-150:11. In that interaction, the Town asked Mr. Santoro why the Santoro Family chose to wait until after the election to re-propose their housing project to the Town of Johnston Zoning Board of Review. *Id.* Mr. Santoro responded that they chose to wait based on their attorneys' advice. *Id.* It was after that statement that Mrs. Salvatore cautioned Mr. Santoro not to discuss anything privileged. *Id.*

38) at 2, 11. No coaching ever happened. *See* Declaration of Kathryn D. Valois (Valois Decl.).

Despite the Town's many statements that Mr. Santoro was not cooperating during the deposition, the deposition lasted several hours. *Id.* The Town at no point suspended the deposition. *Id.* And the deposition ended with the Town specifically saying: "I have no further questions". *Id.* at 207:15. The Santoros' counsel also had the opportunity to cross-examine before the deposition formally concluded. *Id.* at 207:16-17.

Additionally, even after the deposition was over, the Town never asked the Santoros to re-produce Mr. Santoro for an additional deposition. *See* Valois Decl. Consequently, the Santoros believed Mr. Santoro's deposition had concluded. It was not until the Town filed its motion to compel, almost sixty days after Mr. Santoro's initial deposition, that the Town indicated it intended to re-depose Mr. Santoro.

## II.    ARGUMENT

### A. The Town Waived Its Ability to Re-Depose Mr. Santoro by Concluding the Deposition

Federal Rule of Civil Procedure 30(d)(1) limits depositions to "one day of 7 hours." Fed. R. Civ. P. 30(d)(1). That time may be extended if additional time is "needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* However, the discretion of whether to allow additional time lies wholly with the district court. *See Thibeault v. Square D Co.*, 960 F.2d 239, 242-44 (1st Cir. 1992). That discretion necessarily

extends to determining "whether a deposition is reasonably complete." *Daigle v. Maine Med. Ctr., Inc.*, 14 F.3d 684, 692 (1st Cir. 1994).

Here, Mr. Santoro was noticed and attended his deposition on August 29, 2025. Ex. A at 4:5-9. He made himself available the entire day and would have sat through the full seven hours of deposition testimony, had the Town chosen to take advantage of the full-time limit. The Town chose not to exercise that option and instead stated that it had "no further questions" before concluding the deposition early. *Id.* at 207:15. The Town at no point stated that it was holding the deposition open or postponing it for another time. A fair reading of the Town's own statement and behavior towards the end of the deposition suggests that the Town never intended to resume the deposition because no further queries remained to be posed. *See Daigle*, 14 F.3d at 692 (finding a party that does not actively pursue their rights during the deposition process waives those rights); *Ratcliffe v. BRP U.S., Inc.*, No. 1:20-cv-00234-JAW, 2024 WL 4728898, at *7 (D. Me. Nov. 8, 2024) (finding plaintiffs waived their ability to correct a perceived irregularity by failing to correct the irregularity during the deposition). That cognizable decision, to end Mr. Santoro's deposition early, is binding and the Town has waived any right to now demand another bite at the apple. *See Daigle*, 14 F.3d at 692 n.11 (finding that waiver applies to depositions under Federal Rule of Civil Procedure 32).

In sum, the Santoros cannot now be faulted for the Town's *choice* to end Mr. Santoro's deposition early. The Town had a fair opportunity to depose Mr. Santoro[3] and chose to end his deposition despite its irritation with how the deposition went. That choice is final. The Town cannot now regret its decision and demand another deposition.

### B. The Town Improperly Filed Its Motion to Compel Without Conferring in Good Faith with the Santoro Family

Local Rule 12(b)(2) and Federal Rule of Civil Procedure 37 require that before filing a motion to compel, the moving party must confer with opposing counsel. Fed. R. Civ. P. 37(a)(1). Such a conferral requires the parties "deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999). An attempt to confer is not sufficient to meet the requirement under the rule. *See Velazquez-Perez v. Devs. Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D. P.R. 2011) ("An attempt to confer will not suffice.") (internal citation omitted); *Orr v. Illinois Tool Works, Inc.*, No. 5:12-CV-4209-CLS, 2014 WL 257375, at *2 (N.D. Ala. Jan. 23, 2014) ("[Rule 37(a)(1)] does require a *two-way conversation*, during which the discovery disputes are *meaningfully discussed* in an *honest, good-faith attempt to resolve the disputes*."). And failure to properly meet and confer prior to filing a motion to compel is grounds to deny the motion. *Velazquez-Perez*, 189 F.R.D.

---

[3] The Town omits the salient fact that it will have the opportunity to depose Mr. Santoro again, albeit this time as the sole representative for Sixty Three Johnston, LLC, in a Rule 30(b)(6) deposition. The Town's request for a new deposition would essentially provide it a third chance to depose Mr. Santoro.

at 312 ("[P]laintiff['s] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the motions to compel.") (citing *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 41 (D. P.R. 2010).

Here, the Town did not even attempt to confer with the Santoros about re-producing Mr. Santoro. *See* Valois Decl. The Town complained during the actual deposition that Mr. Santoro was being withholding, but after the deposition concluded, the Town never contacted the Santoros' counsel about conducting another deposition. *Id.* It was not until the Town filed the corresponding motion to compel that this topic was even broached with counsel. *Id.* Had the Town bothered to approach the Santoros about producing Mr. Santoro for his remaining time, the Santoros would have considered producing him. But the Town didn't even ask. *Id.* It simply moved to compel Mr. Santoro's presence, costing the Santoros extensive fees and costs to oppose the motion.

Consequently, because the Town failed to meet and confer with the Santoros, an act that would have cost the Town nothing to accomplish, the Town's motion should be denied. *See Velazquez-Perez*, 272 F.R.D. at 312-13.

## C. No Obfuscation Occurred During Mr. Santoro's Deposition

On the merits, the Town raises two primary concerns. First, that Mr. Santoro inappropriately raised attorney-client privilege under the guise of "attorney advice". And second, that Mr. Santoro's counsel, Ms. Kelley Salvatore, improperly "coached" Mr. Santoro during the deposition. Both concerns are exaggerations of what actually occurred.

As the Town notes, attorney-client privilege exists between an attorney and a client and protects "communications that are confidential and are made for the purpose of seeking or receiving legal advice." *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 24 (1st Cir. 2011) (citing *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003)). This privilege is one of "the most venerable of the safeguards afforded to confidential communications and is enshrined as such in the federal common law." *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 70 (1st Cir. 2011). It attaches where:

> (1) Legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id.* at 71 (citing *Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002)). Such privilege exists here.

The Town contests the veracity of Mr. Santoro's frequent statements that he acted on attorney advice. But as the transcript shows, Mr. Santoro was simply responding to the Town's line of inquiry truthfully. *See* Ex. A at 20:2-4 ("Q. And how did it come to be that you decided to form that corporation? A. On the advice of our attorney."). That the Town didn't like Mr. Santoro's answers is of no consequence. The burden lies with the Town to continue asking questions until it gets an answer it believes is sufficient.

Additionally, at no point was Mr. Santoro coached into not answering certain questions. As shown in the transcript, Mr. Santoro was reminded *twice* to avoid disclosing any communications that would be protected under attorney-client

privilege. Ex. A at 17:22-19:13, 149:18-150:11. Those cautions were in no way a warning to Mr. Santoro not to answer the Town's questions. And it is nothing worse than the Town has done with its own witnesses. *See* Transcript, Deposition of Douglas Jeffrey at 274:2-274:20 (July 30, 2025) (attached as Exhibit C) ("MS. O'TOOLE: I'll just caution you not to disclose anything that was discussed as attorney-client privilege conversations.").

Thus, at no point was Mr. Santoro or Ms. Salvatore's conduct during Mr. Santoro's deposition anything but proper. Mr. Santoro was honest and answered the questions he was asked; while Ms. Salvatore cautioned her client to avoid saying anything that could violate attorney-client privilege. As such, the Town cannot meet its burden of showing any misconduct occurred during Mr. Santoro's deposition, and the Town's motion to compel a new deposition should be denied.

## III.    CONCLUSION

The Santoro Family respectfully requests this Court deny the Town's motion to compel and order no further depositions, other than a Rule 30(b)(6) deposition, of Mr. Santoro be allowed to go forward.

DATED: November 14, 2025.

Respectfully submitted,

KELLEY M. SALVATORE
Mass. Bar No. 637885
R.I. Bar No. 6025
STACY W. THOMSEN
Cal. Bar No. 274282
Mass. Bar. No. 706742
R.I. Bar No. 10342
DarrowEverett LLP
1 Turks Head Pl., #1200
Providence, RI 02903
Telephone: (401) 453-1200
Fax: (401) 453-1201
ksalvatore@darroweverett.com
sthomsen@darroweverett.com

/s/ Kathryn D. Valois
KATHRYN D. VALOIS*
Fla. Bar No. 1010150
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Fax: (916) 419-7747
kvalois@pacificlegal.org

AUSTIN W. WAISANEN*
Wyo. Bar No. 8-7023
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
awaisanen@pacificlegal.org

ROBERT H. THOMAS*
Cal. Bar No. 160367
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
rthomas@pacificlegal.org

*Pro Hac Vice

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a copy of the foregoing document was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William J. Conley, Jr.
Mario Martone
Sarah F. O'Toole
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
wconley@conleylawri.com
mmartone@conleylawri.com
sotoole@conleylawri.com

*Counsel for Defendants*

s/Kathryn D. Valois
KATHRYN D. VALOIS
Pacific Legal Foundation