**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC,<br><br>v.<br><br>TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston | CA No.: 1:25-cv-00088-MRD-PAS |

### MOTION FOR ENTRY OF FINAL JUDGMENT ON COUNT VI OF THE AMENDED COMPLAINT PURSUANT TO RULE 54(B)

The Town of Johnston hereby moves this Honorable Court to enter final and separate judgment on Claim 6 of the Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 54(b). This Court may enter final judgment on Claim 6, because this count has been fully disposed of in this Court's memorandum and order dated July 28, 2026 [ECF 54].

Claim 6 is a single, stand-alone substantive claim, and there is no just reason for undue delay in granting judgment. *United States v. Beninati*, 632 F. Supp. 2d 116, 120 (D. Mass. 2009) (allowing entry of final judgment on the foreclosure of a tax lien, while keeping the remaining count seeking damages). When reviewing a Rule 54(b) motion, a court should first examine if judgment would have the "'requisite aspects of finality.'" *Niemic v. Galas*, 286 F. App'x 738, 739 (1st Cir. 2008) (quoting *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)). Here, there is finality on Claim 6, because this Court found that "the question presented by Claim 6 is a legal one (with no genuine dispute of material fact)", concluded that the "Town never

1

possessed constitutionally adequate authority to condemn the Property, which means the taking itself was ultra vires and ultimately void from its inception", and "finds therefore that Plaintiffs are entitled to summary judgment on their Ultra Vires Claim". *ECF 54* at 19. The next step is to determine if there is no just reason for delay, this is done by (1) examining if any interrelationship or overlap among the legal and factual issues involved and (2) "'any equities and efficiencies implicated by the requested piecemeal review.'" *Id*. (quoting *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996)). Since no more discovery or record-building is needed for Claim 6, it is ripe for final judgment. There is no interrelationship between Claim 6 and the other counts which would be prejudiced by granting judgment on Claim 6 now. Granting final judgment on Claim 6 (ultra vires taking) does not preclude this court from continued review of the remaining five counts.

This Court's memorandum and order disposing of Claim 6 in the Plaintiffs' favor found that the Town of Johnston acted without the proper delegated authority when taking the property at issue. The remaining claims, which mainly revolve around claims of due process and damages, and discovery thereon may continue before this Court. An opinion on the remaining five claims will not impact this Court's opinion on Claim 6.

Wherefore, the Town requests this Court to enter final and separate judgment on Claim 6 of the Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 54(b).

## **LOCAL RULE CV 7(c) STATEMENT**

In accordance with Local Rule CV 7, counsel states that a hearing is requested and estimates that 20 minutes (10 minutes per side) is sufficient.

Respectfully submitted,
Defendants,
By Their Attorneys,
*/s/ William J. Conley, Jr.*
*/s/ Mario Martone*
*/s/ Sarah F. O'Toole*
William J. Conley, Jr. (#2149)
Mario Martone (#8221)
Sarah F. O'Toole (#9316)
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
Tel: 401.415.9835
wconley@conleylawri.com
mmartone@conleylawri.com
sotoole@conleylawri.com

August 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Kathryn D. Valois
KValois@pacificlegal.org

Robert H. Thomas
RThomas@pacificlegal.org

Austin W. Waisanen
AWaisanen@pacificlegal.org

Kelley M. Salvatore
ksalvatore@darroweverett.com

Stacy W. Thomsen
sthomsen@darroweverett.com

*/s/ Sarah F. O'Toole*

3