**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SCLS REALTY, LLC; SIXTY THREE JOHNSTON, LLC,<br><br>v.<br><br>TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston | CA No.: 1:25-cv-00088-MRD-PAS |

**DEFENDANTS TOWN OF JOHNSTON'S**
**MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendant Town of Johnston, Rhode Island (the "Town") hereby moves for a protective order limiting the scope of the third-party subpoenas issued by Plaintiffs SCLS Realty, LLC and Sixty-Three Johnston, LLC (together, the "Plaintiffs") to Verizon and T-Mobile.

Plaintiff's third-party subpoenas (the "Subpoenas") to Verizon and T-Mobile are not routine discovery requests; they are a sweeping intrusion into the private lives of Town officials. *See* **Exhibit A**, Verizon Subpoena; **Exhibit B**, T-Mobile Subpoena. The Subpoenas demand over three (3) years of personal cell-phone records for Mayor Joseph M. Polisena Jr., Chief of Staff Douglas Jeffrey, Assistant Chief of Staff Dominique Turner, and Town Planner Thomas Dellar. They seek every incoming and outgoing call, every text message log and the officials' subscriber and billing information—without any limitation to exclude communications wholly unrelated to the claims or defenses in this case and without any restriction on the individuals with whom these

officials communicated during this time, including their friends, family, attorneys, and others in their private lives. The breadth of this request is irrelevant to the issues before the Court, overbroad, and unduly intrusive.

The Federal Rules of Civil Procedure guard against exactly this kind of fishing expedition. Rule 26(b)(1) requires discovery to be both relevant and proportional, and Rule 26(c)(1) authorizes courts to, for good cause, issue protective orders to protect parties or persons from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(b)(1), 26(c)(1). The Subpoenas here fail on every front: they are overbroad, target Town officials' personal telephone records rather than focusing solely on municipal channels, threaten to expose confidential associations and relationships having nothing to do with this litigation, and threaten exposure of confidential attorney-client privileged information. For the reasons set forth more fully below, the Court sharply limit the Subpoenas so that discovery remains focused on the claims and defenses actually at issue and the personal privacy of the Town officials is preserved.

## RELEVANT BACKGROUND

This litigation arises from the Town's exercise of its eminent domain authority, following public hearings which occurred from January through February 2025, to create a new municipal campus on land seized from the Plaintiffs. *See* ECF No. 18, Am. Compl.

Since Mayor Joseph M. Polisena Jr. ("Mayor Polisena") was sworn into office on January 9, 2023, he has prioritized replacing the Town's aging and inaccessible facilities—including the Town Hall, Police Department, and Fire Department—by developing a consolidated municipal campus.[1] *See* **Exhibit C**, Deposition of Mayor Joseph M. Polisena Jr. ("Polisena Dep."), at 162:15-

[1] Pete Fontaine, *Introducing Johnston's new Mayor Joseph Polisena*, Johnston Sunrise, January 16, 2023, https://johnstonsunrise.net/stories/introducing-johnstons-new-mayor-joseph-polisena,191463 (last visited Sept. 3, 2025)

19 and 163:21-164:15. Key Town employees, including Chief of Staff Douglas Jeffrey ("Mr. Jeffrey"), Assistant Chief of Staff Dominique Turner ("Ms. Turner"), and Town Planner Thomas Dellar ("Mr. Dellar") have worked with Mayor Polisena on the project and testified in depositions regarding their roles and plans for the consolidated municipal campus. *See id.* at 221:8-10, 111:6-18.

On September 2, 2025, the Plaintiffs issued subpoenas to Verizon and T-Mobile seeking the following information:

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, length of service.
2. All outgoing call detail records from January 1, 2022 to the present including duration, date, and time of all calls.
3. All incoming call detail records from January 1, 2022 to the present including duration, date, and time of all calls.
4. All text/data log records from January 1, 2022 to the present including the date, time and recipient/sender.

**Exhibits A** and **B**. The Subpoenas seek the above information for phone numbers associated with Mayor Polisena, Jr., Mr. Jeffrey, Ms. Turner, and Mr. Dellar. The Subpoenas are not limited to municipal numbers, but demand information about the subscribers' personal devices, including:

1. Telephone number 401-231-4001 is Mr. Dellar's office landline. His Town cellphone is 401-895-1100 and his personal cellphone is 401-282-0431. *See* **Exhibit A,** Verizon Subpoena**; Exhibit B**, T-Mobile Subpoena; **Exhibit D**, Deposition of Thomas Dellar ("Dellar Dep."), at 10:9-10;
2. Telephone number 401-533-8866 is Mr. Jeffrey's office landline. His personal cell phone is 401-255-5530. *See* **Exhibit A,** Verizon Subpoena; **Exhibit B**, T-Mobile Subpoena; **Exhibit E**, Deposition of Douglas Jeffrey ("Jeffrey Dep."), at 12:25-13:2;
3. Telephone number 401-533-8812 is a number associated with staff at Mayor Polisena's office. Her personal cell phone is 732-778-1982. *See* **Exhibit A**, Verizon Subpoena; **Exhibit F**, Deposition of Dominique Turner ("Turner Dep."), at 9:10-11; *see also* https://www.johnstonri.gov/Directory.aspx
4. Telephone number 401-464-2000 is Mayor Polisena's personal cell phone. His office landline is 401-553-8805. *See* **Exhibit A**, Verizon Subpoena; **Exhibit C**, Polisena Dep., at 210:8-14.

5. Telephone number 401-258-4418 is another personal cell phone affiliated with Mayor Polisena's family plan, which belongs to his father, Joseph M. Polisena, Sr. *See* **Exhibit A**, Verizon Subpoena.

Additionally, the data sought dates back a full year prior to Mayor Polisena's inauguration and approximately two years before the condemnation occurred. By demanding years of call and text logs for private phones, the Subpoenas are breathtakingly overbroad and intrude on the personal privacy of these Town officials without any showing that such sweeping data has any relevance to the claims or defenses in this eminent-domain action.

On September 10, 2025, counsel for the Town sent a letter to Plaintiffs seeking to meet and confer regarding the Subpoenas and "work towards an agreement regarding the scope of the subpoenas and a protective order regarding the same." *See* **Exhibit G,** Meet and Confer Letter. On September 11, 2025, counsel for the Parties met and were unable to come to a consensus regarding the scope of the Subpoenas. Accordingly, Plaintiff has filed the instant motion for a protective order.

## **ARGUMENT**

I. The Law

Federal courts routinely apply the safeguards in Federal Rules of Civil Procedure 26(b)-(c) to protect parties and non-parties from overreaching discovery demands—particularly when a subpoena seeks broad telephone or cell-phone records such as call logs, text logs, or subscriber information. These rules provide the court with clear authority to prevent discovery that imposes an undue burden, invades personal privacy, or risks disclosure of privileged information.

While the Federal Rules permit broad discovery, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Bonner v. Triple S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023). Rule 26 defines those boundaries, limiting discovery to "nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case" taking into account "the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Additionally, Rule 26(c)(1) authorizes courts, upon a showing of good cause, to issue orders that protect against "annoyance, embarrassment, oppression, or undue burden or expense" in the discovery process. "Courts have 'broad discretion … to decide when a protective order is appropriate and what degree of protection is required.'" *Walker v. Ihi Power Servs. Corp.*, No. 23-57 WES, 2025 U.S. Dist. LEXIS 58537, at *6 (D.R.I. Mar. 28, 2025) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). The good cause standard "is a flexible one" that requires "an individual balancing of the many interests that may be present in a particular case." *Walker*, 2025 U.S. Dist. LEXIS 58537, at *6 (quoting *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005)).

Notably, even in absence of standing to move to quash, courts "have interpreted Rule 26 to permit a party to seek a protective order to preclude discovery demanded by a third-subpoena." *B.P. v. City of Johnson City*, No. 2:23-CV-71-TRM-JEM, 2024 U.S. Dist. LEXIS 211117, at *10 (E.D. Tenn. Nov. 20, 2024); *see e.g. March Assocs. Constr., Inc. v. Pawtucket Dev. Grp., LLC*, No. 20-00506-WES, at *4-5 (D.R.I. Aug. 19, 2022) (finding the movant had standing to seek a protective order regarding subpoenas that did "not seek discovery directly from [the movant]."). "This is because "Rule 26(c)(1) allows a 'party or any person from whom discovery is sought' to obtain a protective order." *B.P.*, 2024 U.S. Dist. LEXIS 211117 at *10.

Applying the above principles, courts have consistently refused to compel production of, granted motions to quash, and issued protective orders with respect to overbroad and unduly intrusive subpoenas for cellphone and other similar records. For example, in *Encompass Ins. Co. v. Kramer*, the U.S. District Court of Massachusetts denied the plaintiff's request to compel production of all landline and cellphone records for the defendant-physician and his staff as overly broad and unduly burdensome under Rule 26(b). No. 07-11333-JLA, 2008 U.S. Dist. LEXIS 137634, at *11-12 (D. Mass Sept. 23, 2008). There, the case concerned allegations that the defendants defrauded the plaintiff by creating and submitting false medical invoices. *Id.* at *1-2. The plaintiff argued that the requested phone records were discoverable because they were "reasonably likely" to contain or lead to discovery of relevant evidence. *Id.* at *12. The court disagreed, crediting the defendant's argument that the requested records were overbroad, unduly burdensome, sought information irrelevant to the case, and were likely to contain physician-patient privileged information. *Id.*

Similarly, in *Bonner v. Triple-S Mgmt. Corp.*, 68 F4th 677 (1st Cir. 2023), the First Circuit upheld a district court's refusal to compel production of sweeping financial discovery, including requests for broad wire transfer and ACH transaction data, explaining that, while the plaintiff was entitled to discovery related to her claims, such "warranted discovery does not open the floodgates for cascading discovery of every type and kind." *Id.* at 684. Specifically, the court agreed that the requests were overly broad, unduly burdensome, and irrelevant, characterizing the requests as a "fishing expedition" in violation of Rule 26(b). *Id.* at 686.

Additionally, in *Dead River Co., LLC v. Boyington*, the court quashed subpoenas to Verizon seeking documents relating to former employee's cell phone numbers for an eight-month period. No. 2:22-cv-00049-JAW, 2022 U.S. Dist. LEXIS 182000, at *6 (D. Me. Oct. 5, 2022). There, even

though the phones were company-issued, the court found that the employees retained a reasonable expectation of privacy in their personal cell phone information because company policy allowed incidental use. *Id.* Thus, "because the subpoenas directed Verizon to produce documents that include[d] Defendants' personal information," of which they had a reasonable expectation of privacy in, the court quashed the subpoenas. *Id.* at *6-7.

## II. <u>Good Cause Exists to Issue a Protective Order Limiting the Scope of the Subpoenas because They are Overbroad, Irrelevant and Unduly Intrusive under Rule 26.</u>

Here, good cause is manifest. The subpoenas served on Verizon and T-Mobile here present exactly the kind of "fishing expedition" the Federal Rules were designed to prevent. Each subpoena seeks: (1) subscriber and billing information, (2) all incoming and outgoing call records, and (3) all text or data logs—for a period exceeding three years, from January 1, 2022 through the present—without any limitation on the individuals with whom the Town officials communicated or any connection to the claims and defenses in this eminent domain action.

The Subpoenas would inevitably sweep in thousands of purely private communications—calls and texts with family members, friends, medical providers, attorneys, and other personal contacts—none of which bear on the propriety of the Town's condemnation of the property or any other claim or defense in this litigation. This is because the Subpoenas are not confined to communications with individuals involved in the condemnation proceedings, nor are they limited to any time period tied to the taking itself. In fact, as to Mayor Polisena, the subpoenas demand records predating his January 2023 inauguration as Mayor. They also demand nearly two years of records before the condemnation hearings occurred and records continuing through the present, well after this litigation commenced.

The Subpoenas would also reveal the identities and phone numbers of innocent third-parties, including members of the public who contact Town officials on routine municipal business

wholly unrelated to this lawsuit, thereby exposing private citizens and their communications. Additionally, the Subpoenas would also capture communications between Town officials and their counsel during the pendency of this litigation, when attorney-client privileged communications are ongoing.

The Federal Rules do not permit such an indiscriminate intrusion. *See Bonner v. Triple S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023) ("discovery, like all matters of procedure, has ultimate and necessary boundaries."); *Encompass Ins. Co. v. Kramer*, No. 07-11333-JLA, 2008 U.S. Dist. LEXIS 137634, at *11–12 (D. Mass. Sept. 23, 2008) (denying request for phone records as overly broad and unduly burdensome); *see also Howard v. Seadrill Ams. Inc.*, No. 15-2441 Section: F, 2016 U.S. Dist. LEXIS 165799, at *9 (E.D. La Dec. 1, 2016) (granting motion to quash a subpoena for cellphone records served on AT&T, noting that "the Court is skeptical that the telephone records themselves are relevant to any claim or defense."). Requiring disclosure of this information would cause exactly the "annoyance, embarrassment, [and] oppression" that Rule 26(c)(1) is designed to prevent and would impose an undue burden vastly out of proportion to any conceivable benefit. *See* Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 26(b)(1) (requiring discovery to be proportional to the needs of the case, considering the importance of the issues and whether the burden or expense outweighs the likely benefit). To the extent Plaintiffs seek to identify relevant communications regarding the condemnation, they can pursue far narrower and less intrusive means, such as targeted document requests or depositions. *See* Fed. R. Civ. P. 26(b)(2)(C) (requiring courts to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Accordingly, this Court should issue a protective order with respect to the Subpoenas to sharply limit their scope to matters that are relevant to this litigation.

**CONCLUSION**

The Subpoenas seek far more than the Federal Rules allow. They are overbroad, irrelevant, unduly intrusive, and disproportionate to the needs of this case. Consistent with Rules 26(b), 26(c), the Court should sharply limit the scope of the Subpoena to narrowly tailored requests that protect the privacy of the Town officials and of third-parties and do not subject them to the annoyance, embarrassment, or oppression that Rule 26(c) is designed to prevent. Specifically, the Town respectfully requests that this Court:

a. Quash the Subpoenas in their entirety, or, in the alternative;

b. Enter a protective order providing that any discovery of Town officials' telephone records:

   1) be limited to phone numbers or accounts that Plaintiffs specifically identify as, and Defendants agree are, relevant to the claims or defenses in this action, and

   2) cover only the period from January 9, 2023, when Mayor Polisena was sworn into office through March 10, 2025, the date the complaint was filed, so as to avoid disclosure of private communications unconnected to the issues in this case.

c. The Town further requests such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,
Defendants,
By Their Attorneys,

*/s/ Sarah F. O'Toole*
William J. Conley, Jr. (#2149)
Mario Martone (#8221)
Sarah F. O'Toole (#9316)
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
Tel: 401.415.9835
wconley@conleylawri.com
mmartone@conleylawri.com
sotoole@conleylawri.com

August 18, 2026

**CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 26(c)**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), the undersigned counsel certifies that, on September 10, 2025, counsel for the Town sent a letter to Plaintiffs seeking to meet and confer regarding the Subpoenas and a potential protective order, and that on September 11, 2025, counsel for the parties met and conferred in an attempt to resolve the dispute without court intervention. The Parties were unable to reach an agreeable resolution.

*/s/ Sarah F. O'Toole*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Kathryn D. Valois
KValois@pacificlegal.org

Robert H. Thomas
RThomas@pacificlegal.org

Austin W. Waisanen
AWaisanen@pacificlegal.org

Kelley M. Salvatore
ksalvatore@darroweverett.com

Stacy W. Thomsen
sthomsen@darroweverett.com

*/s/ Sarah F. O'Toole*