**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SCLS REALTY, LLC; and
SIXTY THREE JOHNSTON, LLC,

Plaintiffs,

v.

TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston,

Defendants.

Civil Action No. 1:25-cv-00088

**NOTICE OF SUBPOENA TO VERIZON**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45, Plaintiffs intends to serve the attached Subpoenas to Produce Documents, Information, or Objects on Verizon.

DATED: September 2, 2025.

Respectfully submitted,

/s/ *Kathryn D. Valois*
KATHRYN D. VALOIS*
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Fax: (916) 419-7747
kvalois@pacificlegal.org

AUSTIN W. WAISANEN*
Wyo. Bar No. 8-7023
ROBERT H. THOMAS*
Cal. Bar No. 160367
Haw. Bar No. 4610-0
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814

KELLEY M. SALVATORE
Mass. Bar No. 637885
R.I. Bar No. 6025
STACY W. THOMSEN
Cal. Bar No. 274282
Mass. Bar. No. 706742
R.I. Bar No. 10342
DarrowEverett LLP
1 Turks Head Pl., #1200
Providence, RI 02903
Telephone: (401) 453-1200
Fax: (401) 453-1201
ksalvatore@darroweverett.com
sthomsen@darroweverett.com

Telephone: (916) 419-7111
Fax: (916) 419-7747
awaisanen@pacificlegal.org
rthomas@pacificlegal.org

**Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I served this document via email and U.S. Mail to Defendants by their counsel of record, at the following address:

William J. Conley, Jr.
Mario Martone
Sarah F. O'Toole
Conley Law & Associates
123 Dyer Street, Suite 2B
Providence, RI 02903
mmartone@conleylawri.com
*Counsel for Defendants*

s/*Kathryn D. Valois*
KATHRYN D. VALOIS
Pacific Legal Foundation

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

SCLS Realty, et al.
*Plaintiff*
v.
Town of Johnston, et al.
*Defendant*

Civil Action No. 1:25-cv-00088

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon
180 Washington Valley Road, Attn: VSAT, Bedminster, NJ 07921
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
[1] Please see attachment A for a list of requested records. [2] Please produce records directly via mail or email to Karmen Bushman and Jason Pineda, address and emails listed below.

| Place: Darrow Everett LLP, One Turks Head Place, Suite 1200 Providence, RI 02903; KBushman@pacificlegal.org; JPineda@darroweverett.com | Date and Time: 09/19/2025 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2025

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/Kathryn Valois
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SCLS Realty, LLC, who issues or requests this subpoena, are:

Kathryn D. Valois, Pacific Legal Foundation, 4440 PGA Blvd., Suite 307, Palm Beach Gardens, FL 33410
kvalois@pacificlegal.org; (916) 503-9011

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00088

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

SCLS Realty, LLC and Sixty Three Johnston, LLC (together, the "Santoro Plaintiffs") hereby serve, pursuant to Fed. R. Civ. P. 45, the following subpoena for the production of documents.

**INSTRUCTIONS**

1. Each request below shall operate and be construed independently, unless otherwise indicated, and no request limits the scope of any other request unless otherwise explicitly stated.

2. Unless stated otherwise, the relevant time period for each request is January 1, 2022, to the present. Please note, this is a continuing request, and documents should be updated as they are discovered.

3. Where any copy or copies of any document whose production is sought, whether a draft or final version, is/are not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon, or attached thereto, all such non-identical copies shall be produced separately.

4. In producing documents, all documents that are physically attached to each other in files shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binder, files or sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained.

5. As to each document requested herein but withheld on a claim of attorney- client privilege, work product production or any other privilege or protection, please provide a privilege log containing the respective author(s) and sender(s) if different; the recipients(s); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.

## REQUESTS

All information identified below for the following account holders or account users of record:

**Dominique Turner**

Phone lines: (401) 553-8812 - Landline
[redacted]-1982 - Cellphone

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, length of service.

2. All outgoing call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

3. All incoming call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

4. All text/data log records from January 1, 2022 to the present including the date, time and recipient/sender.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

SCLS Realty, et al.
*Plaintiff*
v.
Town of Johnston, et al.
*Defendant*

Civil Action No. 1:25-cv-00088

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon
180 Washington Valley Road, Attn: VSAT, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

[1] Please see attachment A for a list of requested records. [2] Please produce records directly via mail or email to Karmen Bushman and Jason Pineda, address and emails listed below.

| | |
|---|---|
| Place: Darrow Everett LLP, One Turks Head Place, Suite 1200 Providence, RI 02903; KBushman@pacificlegal.org; JPineda@darroweverett.com | Date and Time: 09/19/2025 12:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/Kathryn Valois
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SCLS Realty, LLC, who issues or requests this subpoena, are:

Kathryn D. Valois, Pacific Legal Foundation, 4440 PGA Blvd., Suite 307, Palm Beach Gardens, FL 33410
kvalois@pacificlegal.org; (916) 503-9011

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00088

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

SCLS Realty, LLC and Sixty Three Johnston, LLC (together, the "Santoro Plaintiffs") hereby serve, pursuant to Fed. R. Civ. P. 45, the following subpoena for the production of documents.

**INSTRUCTIONS**

1. Each request below shall operate and be construed independently, unless otherwise indicated, and no request limits the scope of any other request unless otherwise explicitly stated.

2. Unless stated otherwise, the relevant time period for each request is January 1, 2022, to the present. Please note, this is a continuing request, and documents should be updated as they are discovered.

3. Where any copy or copies of any document whose production is sought, whether a draft or final version, is/are not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon, or attached thereto, all such non-identical copies shall be produced separately.

4. In producing documents, all documents that are physically attached to each other in files shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binder, files or sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained.

5. As to each document requested herein but withheld on a claim of attorney- client privilege, work product production or any other privilege or protection, please provide a privilege log containing the respective author(s) and sender(s) if different; the recipients(s); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.

**REQUESTS**

All information identified below for the following account holders or account users of record:

**Thomas Deller**

Phone Lines: (401) 231-4001 – Landline
(401) 895-1100 - Cellphone

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, length of service.

2. All outgoing call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

3. All incoming call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

4. All text/data log records from January 1, 2022 to the present including the date, time and recipient/sender.

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | | |
|---|---|---|
| SCLS Realty, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-00088 |
| Town of Johnston, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon
180 Washington Valley Road, Attn: VSAT, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

[1] Please see attachment A for a list of requested records. [2] Please produce records directly via mail or email to Karmen Bushman and Jason Pineda, address and emails listed below.

| Place: | Date and Time: |
|---|---|
| Darrow Everett LLP, One Turks Head Place, Suite 1200 Providence, RI 02903; KBushman@pacificlegal.org; JPineda@darroweverett.com | 09/19/2025 12:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2025

*CLERK OF COURT*

OR

_________________________
*Signature of Clerk or Deputy Clerk*

/s/Kathryn Valois
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SCLS Realty, LLC , who issues or requests this subpoena, are:

Kathryn D. Valois, Pacific Legal Foundation, 4440 PGA Blvd., Suite 307, Palm Beach Gardens, FL 33410
kvalois@pacificlegal.org; (916) 503-9011

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00088

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

SCLS Realty, LLC and Sixty Three Johnston, LLC (together, the "Santoro Plaintiffs") hereby serve, pursuant to Fed. R. Civ. P. 45, the following subpoena for the production of documents.

**INSTRUCTIONS**

1. Each request below shall operate and be construed independently, unless otherwise indicated, and no request limits the scope of any other request unless otherwise explicitly stated.

2. Unless stated otherwise, the relevant time period for each request is January 1, 2022, to the present. Please note, this is a continuing request, and documents should be updated as they are discovered.

3. Where any copy or copies of any document whose production is sought, whether a draft or final version, is/are not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon, or attached thereto, all such non-identical copies shall be produced separately.

4. In producing documents, all documents that are physically attached to each other in files shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binder, files or sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained.

5. As to each document requested herein but withheld on a claim of attorney- client privilege, work product production or any other privilege or protection, please provide a privilege log containing the respective author(s) and sender(s) if different; the recipients(s); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.

## REQUESTS

All information identified below for the following account holders or account users of record:

**Douglas Jeffrey**

Phone Line: (401) 553-8866 - Landline

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, length of service.

2. All outgoing call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

3. All incoming call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

4. All text/data log records from January 1, 2022 to the present including the date, time and recipient/sender.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | | |
|---|---|---|
| SCLS Realty, et al.<br>*Plaintiff*<br>v.<br>Town of Johnston, et al.<br>*Defendant* | ) | Civil Action No. 1:25-cv-00088 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon
180 Washington Valley Road, Attn: VSAT, Bedminster, NJ 07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

[1] Please see attachment A for a list of requested records. [2] Please produce records directly via mail or email to Karmen Bushman and Jason Pineda, address and emails listed below.

| Place: | Date and Time: |
|---|---|
| Darrow Everett LLP, One Turks Head Place, Suite 1200 Providence, RI 02903; KBushman@pacificlegal.org; JPineda@darroweverett.com | 09/19/2025 12:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2025

*CLERK OF COURT*

OR

_______________________ /s/Kathryn Valois

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SCLS Realty, LLC , who issues or requests this subpoena, are:

Kathryn D. Valois, Pacific Legal Foundation, 4440 PGA Blvd., Suite 307, Palm Beach Gardens, FL 33410
kvalois@pacificlegal.org; (916) 503-9011

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00088

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

SCLS Realty, LLC and Sixty Three Johnston, LLC (together, the "Santoro Plaintiffs") hereby serve, pursuant to Fed. R. Civ. P. 45, the following subpoena for the production of documents.

**INSTRUCTIONS**

1. Each request below shall operate and be construed independently, unless otherwise indicated, and no request limits the scope of any other request unless otherwise explicitly stated.

2. Unless stated otherwise, the relevant time period for each request is January 1, 2022, to the present. Please note, this is a continuing request, and documents should be updated as they are discovered.

3. Where any copy or copies of any document whose production is sought, whether a draft or final version, is/are not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon, or attached thereto, all such non-identical copies shall be produced separately.

4. In producing documents, all documents that are physically attached to each other in files shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binder, files or sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained.

5. As to each document requested herein but withheld on a claim of attorney- client privilege, work product production or any other privilege or protection, please provide a privilege log containing the respective author(s) and sender(s) if different; the recipients(s); the date and type of document, written communication or thing not produced; and in general terms, the subject matter of the withheld information.

**REQUESTS**

All information identified below for the following account holders or account users of record:

**Joseph Polisena, Jr.**

Phone lines: (401) 553-8805 - Landline

[redacted]2000 – Cellphone

[redacted]4418 - Cellphone

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, length of service.

2. All outgoing call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

3. All incoming call detail records from January 1, 2022 to the present including duration, date, and time of all calls.

4. All text/data log records from January 1, 2022 to the present including the date, time and recipient/sender.