**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SCLS REALTY, LLC; and
SIXTY THREE JOHNSTON, LLC,

Plaintiffs,

v.

TOWN OF JOHNSTON, RHODE ISLAND; JOSEPH M. POLISENA, JR., in his official capacity as Mayor of the Town of Johnston; LINDA L. FOLCARELLI, LAUREN GARZONE, ALFRED T. CARNEVALE, ROBERT V. RUSSO, ROBERT J. CIVETTI, in their official capacities as Members of the Town Council of the Town of Johnston; and VINCENT P. BACCARI, JR., in his official capacity as Town Clerk of the Town of Johnston,

Defendants.

No. 1:25-cv-00088-MRD-PAS

**DECLARATION OF KATHRYN D. VALOIS**

KATHRYN D. VALOIS declares as follows:

1. I am an attorney licensed in the state of Florida and was admitted Pro Hac Vice, on March 10, 2025, affording me the privilege of practicing in this Court.
2. I have personal knowledge of the matters contained herein, unless otherwise indicated, and am competent to testify thereto.
3. I am one of the lawyers in this case for the Plaintiffs, SCLS Realty, LLC, and Sixty Three Johnston, LLC.

4. My clients own the fee simple interest in 31 acres of real property located at 178 and 200 George Waterman Road, Johnston, Rhode Island, also known as Assessor's Plat 37, Lots 63, 193 (formerly recognized as lots 1–10, and 193) and Assessor's Plat 35, Lot 2 (together "Santoro Property").
5. I was retained after the Town passed Resolution 2025-10, purporting to take my clients' property via eminent domain.
6. As part of this case, I have been actively involved in the discovery process, including taking depositions, receiving and producing documents, and all scheduling matters.
7. On August 26, 2025, the Santoros sent a second set of requests for production to the Defendant the Town of Johnston, Rhode Island. The second set of requests included thirteen separate requests for production.
8. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Second Set of Requests for Production to Defendant Town of Johnston, Rhode Island (August 26, 2025).
9. On September 25, 2025, the Town responded to the Santoros' second request for production. The Town objected to seven of the Santoros' thirteen requests based on claims of attorney-client privilege, attorney work product, and deliberative process privilege. The Town did not provide a contemporaneous privilege log.
10. Attached hereto as Exhibit B is a true and correct copy of the Town's Response to Second Requests for Production by Defendant Town of Johnston.

11. On August 25, 2025, the Santoros deposed DiPrete Engineer, Brian Thalmann. Mr. Thalmann stated during his deposition that there was a meeting that occurred in early December between various Town Officials and third parties about the Town's decision to use eminent domain on the Santoros' property.
12. Attached hereto as Exhibit C is a true and correct copy of a portion of Mr. Thalmann's deposition transcript, which was recorded by a court reporter for Esquire Deposition Solutions.
13. On August 26, 2025, the Santoros deposed DiPrete Engineer and owner, Dennis DiPrete. Mr. DiPrete also stated during his deposition that there was a meeting that occurred in early December between various Town Officials and third parties about the Town's decision to use eminent domain on the Santoros' property.
14. Attached hereto as Exhibit D is a true and correct copy of a portion of Mr. DiPrete's deposition transcript, which was recorded by a court reporter for Esquire Deposition Solutions.
15. On July 28, 2025, the Santoros deposed the Town's current mayor, Mayor Joseph M. Polisena, Jr. Mayor Polisena, Jr., stated during his deposition that he purposefully tried to be unpredictable, which would make the Santoros uncovering his use of eminent domain all the more difficult.
16. Attached hereto as Exhibit E is a true and correct copy of a portion of Mayor Polisena, Jr.'s deposition transcript, which was recorded by a court reporter for Esquire Deposition Solutions.

17. Currently, under the Town's present Comprehensive Plan, the Santoros' property is "targeted for large-scale affordable housing."

18. Attached hereto as Exhibit F is a true and correct copy of a portion of the Town's Comprehensive Plan, which identifies the Santoros' property as ideal for "large-scale affordable housing."

19. On July 24, 2025, the Santoros deposed Town Planner Thomas Deller. Mr. Deller stated during his deposition that the Town was currently amending its Comprehensive Plan. Mr. Deller also referred to the Comprehensive Plan as the Town's "vision document." The Santoros believe the Town is amending its Comprehensive Plan, in part, to rid their property of its current "large-scale affordable housing" status. If that is true, such an amendment might violate this Court's standing preliminary injunction.

20. Attached hereto as Exhibit G is a true and correct copy of a portion of Mr. Deller's deposition transcript, which notes the ongoing amendment and was recorded by a court reporter for Esquire Deposition Solutions.

21. During several of the aforementioned depositions, various deponents highlighted the difference between resolutions and ordinances. Several of the deponents noted that resolutions did not have the effect of law.

22. After receiving the Town's Response to Second Requests for Production by Defendant Town of Johnston (Exhibit B), the Santoros contacted the Town's counsel requesting a privilege log. The Santoros emailed the Town's counsel on Monday, October 6, 2025, noting the deficiency and stated

> Please provide us a privilege log as required not later than Thursday, October 9, 2025, at 5:00 p.m. Eastern Daylight Time, to support the Town's assertion of privilege. If we do not receive this from you by that time, we reserve the right to seek the court's assistance in compelling the Town meet its discovery obligations.

23. The Town did not provide the Santoros with a privilege log by the deadline (5:00 p.m. EST on October 9, 2025).

24. Attached hereto as Exhibit H is a true and correct copy of the email the Santoros sent the Town requesting a privilege log by October 9, 2025, at 5:00 p.m. EST.

25. As of the filing of the attached motion, the Town has still not provided a privilege log, nor the requested documents. In preparation for this Motion to Compel, I pulled and prepared true and correct copies of these Exhibits for filing.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2026.

KATHRYN D. VALOIS